UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Carina Cruz,

                Plaintiff,

-against-

Local 32BJ et al.,

                Defendants.

22-cv-03068 (PGG) (SDA)

**ORDER OF SERVICE**

**STEWART D. AARON, United States Magistrate Judge:**

Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131. (*See* Compl., ECF No. 2, at PDF p. 11.) She alleges that both her employer and the union discriminated against her based on her Hispanic race. (*See id.*) By order dated April 14, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. (ECF No. 4.)

**DISCUSSION**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed

the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Local 32BJ and Harvard Maintenance, Inc. through the U.S. Marshals Service, the Clerk of Court is respectfully directed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further directed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is respectfully instructed to issue summonses for Defendants Local 32BJ and Harvard Maintenance, Inc., complete the USM-285 forms with the addresses for these defendants, and deliver to the U.S. Marshals Service all documents necessary to effect service.

**SO ORDERED.**

Dated: New York, New York
April 14, 2022

_____
STEWART D. AARON
United States Magistrate Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Local 32BJ
   25 West 18th Street
   New York, NY 10011

2. Harvard Maintenance, Inc.
   59 Maiden Lane, 17th Floor
   New York, NY 10038