12/20/2024

1. I, Carina Cruz filed a lawsuit against Local 32BJ for violation of the Title VII of the civil rights act of 1964 on December 23, 2019 19-CV-11836. The lawsuit was dismissed on September 21,2022 and a month later I filed an appeal with the second circuit which was dismissed in February 2024. During the time of these ongoing lawsuits from 2019- until present there have been continued retaliatory actions that could be considered a causal connection. I now bring this lawsuit under title VII, claim under section 1981, under section 301 and for Retaliation for political activities against SEIU Local 32BJ. Exhibit 1

2. I have been a member of Local 32BJ since September 2004. I also have been working as a janitor at 300 Madison Avenue since the same time. I am a Hispanic Woman and I was born in the Dominican Republic. I had opposed the Union discriminatory actions since 2015 and tried to improve the Union democracy for this reason I had run for Union elections for the past 6 years.

3. On November 18, 2019 I contacted the Union vice president Dennis Johnston to request information about Beck rights. I received no response. On December 2nd, 2019 I filed a charge with NLRB against the Union for refusing to provide me information about Beck rights .

4. On November 27, 2019 I sent an email to the Union representative Johnny Herrera asking him why Alba Mora, a Co-worker was getting signatures for the Union from the Workers when he knew that in the past she tried to get me fired by having people sign a letter that contained false statements about me.

5. In July 2019, Borici provided me with information that the Union was going to take her workload grievance to arbitration but refused to take my similar grievance in a discriminatory way. That information led me to file a discriminatory complaint with EEOC against the Union. In December 2019, Feruze had an arbitration about the workload. The Union was refusing to present the contracts between the Employer, Tenants, and the Building that would have given her fair representation. On December 26, 2019 I filed a charge against the Union for acting in bad faith and retaliation. Sandra Henao sent a text to Eva Barcicki in September 2021 calling me stupid Dominican days later Barcicki and I informed the Union about it but no action was taken and the denial and lack of investigation made the Union complicit in Henao action.

6. In February 2020, I spoke with the Union representative Johnny Herrera and I asked him about the Forelady position. Johnny told me that the company had the right to choose whoever they want without considering my qualifications and experience. His response exemplified discriminatory and retaliatory conduct.

7. On March 25, 2020, I told the Union representative Johnny Herrera that I wanted to include the

claim of harassment in my suspension complaint. On April 1st, 2020 I received a copy of my suspension complaint which includes a harassment claim.Herrera wrote in his notes that I told him that I was terminated which is not true since I did not give him the answers he wrote in the notes. the Union has the obligation to file the complaint accurately and truthfully as the member states. On April 13, 2020 I received a grievance Initiation letter with a suspension and vacation after termination claims. but the harassment claim which would help to show animus was not in the new complaint.

8. In late April 2020 I received a letter from Harvard informing me that I was being temporarily laid off due to covid-19 and that it was implemented in accordance with the agreement between Harvard and Local 32BJ during pandemic). On March 18, 2020 the Union signed an agreement due to Covid-19 with the RAB (Realty Advisory Board) which is a multi employer association that represents some cleaning companies in the bargaining agreements with the Union[Exhibit 19]. The agreement stipulates that in an event the operations in a building were suspended and reduced related to the pandemic the employer shall provide the Union with notice of reduction including identifying the affected employees and the reason for the reduction. Harvard reported me to the Union as laid off in April 2020. In December 2020, I called the Union funds because I wanted to get my 401k and the Union representative informed me that I was reported by Harvard in their system as on leave of absence, which was equal to being laid off. The representative told me that the only way to get the 401k was if I was retired or terminated. On April 26, 2021 I sent an email to the Secretary-Treasurer of the Union Manny Pastreich informing him that I was on layoff and I wanted to know if I needed to pay my Union dues in order to be eligible to run for Union election. On April 29, the Union general counsel David Prouty sent me an email on behalf of Pastreich saying that since I was in layoff and had a pending grievance I did not have to pay Union dues and that I was in good standing to run for Union office. On April 30, 2021 I sent an email to the President of the Union Kyle Bragg asking him if the Union had an agreement with the independent contractors like Harvard to send me a copy. On May 4, 2021 Prouty responded saying that Harvard had generally agreed to comply with the agreements that the Union had reached with the RAB. On June 7th, 2021 I informed Bragg that I never received a termination letter from Harvard as the contract mandates. I also informed him that I received a layoff letter from the company and that the Union Funds informed me that Harvard reported me as on leave or layoff which is the same according to the Funds. Prouty also confirmed previously that I was on layoff. On June 14, 2021 I asked the Union to let me amend my complaint to illegal layoff . On June 28, the Union denied my request to amend my complaint. In July 2021 Prouty informed me that he communicated with 32BJ benefit funds and that their initial determination was that I was in layoff based on the information that they received from Havard, at the same time that they sent me a mistaking layoff letter and that the Union Funds now reflected that I was terminated. Six months later I went to the Union Funds and the representative informed me that I continued in their system as laid off. The layoff implemented by Harvard was a clear violation of the CBA since they didn't have an agreement with the Union to layoff any one and because I was the fourth person in seniority at the time that around 20 people continued working when the company decided to lay me off. In March 2020 the Union received the list of employees affected by the reduction in force from Harvard regardless that they weren't part of the agreement and my name must have been on the list since Harvard sent me the layoff letter and reported me to the Union Funds as such. The Union knew that I was on layoff and not terminated as they wanted me to believe. prevented me from going back to work which caused pain, suffering, trauma and financial hardship. It would have been very easy to reinstate back to work if the Union would have admitted that I was on layoff. THe UNion punished me for my

    ongoing discrimination lawsuit in federal court. They took adverse action by not informing me that I was laid off instead they told me that I was terminated. There's a clear causal connection of retaliation. Exhibit 2

9. I informed and sent a copy to NLRB in May 2020 of the layoff letter I received from Harvard but they never requested further information.

10. In October 2020, I informed Herrera that Harvard had employees in the building working with less seniority than the ones who were on layoff. I also informed him that Kaja Albijon, an Albanian co-worker, was new in the building and continued working. I did not receive an answer from the Union about this issue.

11. In early March 2021, I received a call from the Union lawyer Ingrid Nava who was going to represent me in arbitration that was scheduled for March 24, 2021. On March 16, 2021 I told Nava that I received a layoff letter from Harvard, she told me it was probably sent to me by mistake. I also mentioned that I was reported by Harvard as laid off in the Union funds. I later asked Nava to find out if I was reported in the Union system as laid off but she did not reply. I also told her that I have recordings that will help me prove my case. Nava told me I needed the other person's permission to use the recordings. I insisted I did not need 3rd party permission and that in the state of New York you can record without the other person's permission, she then agreed with me. I had to insist a lot with the Union in order for them to introduce the recordings in arbitration. I asked Nava what evidence Harvard was going to present in arbitration against me and she told me she didn't know. I asked if she had requested the information from Harvard and she said no. On March 24 the hearing was postponed by Harvard because they wanted the complaints I filed against them with the Union as well with NLRB but all that information it was in Harvard's possesion.

12. On May 19, 2021 I had a meeting with Herrera to discuss the discrimination claim, I provided him with pictures to demonstrate the harassment and discrimination by Alajbegu and Perdoda. I also told him how I felt discriminated against when Harvard refused to take my complaint back in February 2020. I asked Herrera if Harvard denied that they refused to take my complaint he told me that they did not deny or admit to it . After the meeting was over he told me that the Union lawyer in charge of the investigation was going to contact me but he never did. On June 3, 2021 I sent Herrera a text saying that I also contacted Harvard Headquarters in Miami to get help but nobody called me back, neither the Union. The Union never investigated my discrimination claim since the lawyer assigned to my case never called.

13. In July 2021, Two Albanian co-workers Kaja Albijond and Kenan Prapaniku were suspended for bad behavior. In less than a month the Union placed them in another building. I haven't done anything wrong and the Union hasn't helped me like they did with my two Albanian co-workers. I did not receive from the Union the same fair representation as my co-workers and felt discriminated against once again. The Union treated their case differently than mine because of

my protected activities.

14. In the summer of 2021 I worked very hard to collect signatures from the Union members in order to qualify to run for Union election. I ran for the vice-president position. In August 2021 myself and two other members who were running with the slate WE ARE THE UNION went to the Union to challenge the election committee decision that we did not get enough signatures to run for office since according to them some of the people who signed for us were not in good standing. Some Union officials were also present. We complained that the Union officials were interfering with the collection of the signatures by telling some members not to sing for us. In the meeting I mentioned that I was suing the Union in federal court and that I was going to sue them again for discrimination and retaliation since this was a Union that did not work. Later that day the committee decided that we were eligible to run.The election day was September 16, 2021. On September 14, I went to the place where the election was being conducted to ask if I could cast my ballot in person, since I did not get the ballot by mail. They told me no, that the ballot had to be received by mail only. They then checked if my name was on the voting list and it wasn't. They told me that the Union was responsible for the voting list. I could not cast my ballot. As a result of my ongoing discrimination complaints the Union retaliated against me by frustrating my attempt to to vote in the Union election. The Union retaliated against me by preventing me from voting because I told them that I was going to file another lawsuit.

15. On August 20, 2021 I filed a complaint with the Union about the illegal layoff against Harvard. Couple of weeks later Herrera contacted me and the only thing he asked me was if the complaint was for me, that was the only time any one from the Union contacted me about this complaint. On September 23, 2021 three of my co-workers Evelyn Santana, Jeny Tejada and Fabio Rodriguez filed the same complaint about the unjust layoff but the Union did not close their complaint like they did to mine.

16. In September 2021 I received a letter closing my discrimination grievance against Harvard. On November 23, 2022 I sent an email to the lawyer who investigated the discrimination grievance Max Utzschneider. I asked him to provide me with evidence he found to dismiss my grievance. On November 28 he replied saying that the Union had already produced documents responsive to my request on July 16, 2021 when I made a similar request. I sent another email to Utzschneider on December 1 telling him that I reviewed the documents that the Union sent me in July 2021 and that I did not find any indication that the Union investigated my discrimination claim. On December 10 Utzschneider wrote back saying that the Union had already provided the documents related to this complaint when in reality that was not true.He also said that there was insufficient evidence to succeed in arbitration and that in any event it would not be a good use of Union resources to pursue a grievance given that the supervisor [Perdoda] had been removed from the Building. He did not mention that Alajbegu, who I also complained about, continues in the Building. Back in March 2020 the Union found that the same complaint had enough merit to be taken to step 2 hearing which is a pre-arbitration step of the grievance procedure. The Union mentions that the attorney-client privilege was redacted from the notes in the discrimination claim. I'm their client and the Union should be transparent. In March 2017 I got suspended by ABM who at that time was my Employer because according to them I did not call or show up to work which was not true because I did call the Forelady Barcicki to let her know that I was not going to work. I also went to the main office to report that I was going to be absent for a couple days. On October 2017 prior to the arbitration I gave the Union a print out of a page of the call I made to Barcicki to prove that I did call her, there were also other calls that had nothing to do with the dispute and that the Union did not redact them as they were supposed to to protect my privacy but instead allowed the company to use them

against me. Barcicki was always defending the workers from the abuse of the supervisor which was not convenient for the company. For that reason she was also suspended around the same time as me, accused of fraud because she paid me two sick days for which I was entitled to get since I had many sick days available. I was Barcicki's witness in her arbitration which took place around the same time as mine. The Union lawyer Lyle Rowen told us that Barcicki was going to have a lot of trouble since the call record I provided to the Union shows that she was on the phone for a long time with me while she was supposed to be working. Because the Union did not redact the other calls that were not part of the dispute and that I made on my personal time, ABM used it against us to ask us many questions that I shouldn't have to answer since I made them in my free time. There was no attorney-client privilege for me.

17. On November 4, 2021 i filed a discrimination complaint against the Union with EEOC for discrimination,retaliation and continuing action. There has been a continuous retaliation from the Union against me since I filed the EEOC in July 2019, the lawsuit 19-cv-11836 in December 2019, another EEOC complaint in November 2021, the appeal in October 2022 and this current lawsuit which is pending.

18. On January 24, 2022, I had my first arbitration hearing. In the opening statement Nava told the arbitrator that I was a very outspoken person, that I can be a thorn in the thigh, sometimes with the Union as well as with management. She continued to say that I brought issues to the Union and can be in some ways difficult. The same day Nava told me that Harvard was opposing the recording because it did not come from my phone since my phone got damaged in 2020. I told her that the only way Harvard could have known that information was through the Union since they are the only ones who knew through the deposition they did to me in December 2020 that my phone got damaged and the Union also knew about the recordings that I was going to use for my defense in arbitration. The hearing was extended to March 21. The Union statement against me had the purpose to make me look like a trouble maker and made me lose my case in arbitration. very clear that I was a problem for them and management. Once again this is a clear retaliation for my continued protected activities since 2019 to the present. Exhibit 3

19. On February 7,2022 the Union sent me a letter closing my illegal layoff complaint without investigating or asking me questions about the complaint. In June 2022 I was at the Union with Tejada. We asked the Union representative Carlos Montero about the status of the same complaint that she and the other co-workers filed in September2021 about the unfair layoff. Montero told us that the complaint was still open. The Hybrid 301 claim 6 months statute of limitations starts counting from the moment the employee knew or reasonably should have known that the Union failed to represent the member properly. I could not have filed a complaint about this issue in Court until the Union notified me that they would not pursue my grievance which happens on February 7, 2022 for this reason the Hybrid 301 claim is timely filed.

20. On May 2, 2023, I went to the Union with a coworker Juan Carlos Placido to request information about a pending grievance 65009-20. I asked to speak with Miguel Barry Godin, a delegate but the receptionist told me that he was not there. I then asked to speak to a supervisor, moments later a security guard came and asked me for my Union ID. I offered to show him my regular ID but he refused and told me that I was not a Union member anymore and that I could not be there. Placido also had a pending arbitration like me but he was not asked to leave. I am protected by a permanent Injunction 92-civ- 1500(RPP) that was given to Carlos Guzman ,his family and his supporters against the Union and his officials. ( a permanent enjoining all defendants and Local 32b-32j from(a) ordering or conducting

any future surveillance of Mr. Guzman or his political supporters based on his exercise of his free speech rights about Union matters and (c) engaging or directing, or inciting others to engage in physical actions which have the purpose or reasonably foreseeable effect of inhibiting the free speech rights concerning Union affairs of plaintiff or his supporters.) The Union clearly violated the Court order.

21. On November 1,2023 I received the administrative law Judge decision against Harvard in which I prevail. Harvard appealed the Judge decision in March 2024 and on September 30, 2024 I prevailed on appeal. Harvard is currently appealing to the Fifth Circuit.

22. On February 17, 2024 the Union delegate Larry Wilson went to my building and informed the members that I lost the arbitration. On February 20, I sent an email to president of the Union Manny Pastreich about this incident ,but he denied any wrongdoing from Larry On May 30 I meet him in person at the Union and I asked him to correct this lie and that I could prove to him that I was telling the truth but he said that there was no need for it, but never clarified to my coworkers that i did lost my arbitration.  This is yet another example of retaliation to damage my reputation and credibility due to mine  protected activities.


For all of the reasons mentioned above the Local 32bj  motion to dismiss should be dismissed.

   Respectfully submitted

Carina Cruz
101-30 80th st Ozone Park
NY 11416
carinacruz675@gmail.com
917-519-9816