```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/08/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Carina Cruz,<br><br>                    Plaintiff,<br><br>-against-<br><br>Local 32BJ and Harvard Maintenance Inc.,<br><br>                    Defendants. | 22-cv-03068 (JAV) (SDA)<br><br>**OPINION AND ORDER** |

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court are (1) a request by Plaintiff Carina Cruz ("Plaintiff") to file a proposed Second Amended Complaint (Pl.'s 12/20/24 Ltr., ECF No. 98), and (2) a letter motion by Defendant Harvard Maintenance Inc. ("Harvard"), joined by Defendant Local 32BJ (the "Union" and collectively, "Defendants"), for an extension of time to file a response with respect to Plaintiff's request for leave. (Harvard 12/24/24 Ltr. Mot., ECF No. 101.) For the reasons below, and for the reasons stated on the record during today's telephone conference with the parties, Plaintiff's request to file a proposed Second Amended Complaint is GRANTED IN PART and DENIED IN PART and Harvard's letter motion is DENIED AS MOOT.

**BACKGROUND**

On September 30. 2024, District Judge Gardephe issued an Order adopting in part the undersigned's Report and Recommendation regarding Defendants' motion to dismiss. *Cruz v. Loc. 32BJ*, No. 22-CV-03068 (PGG) (SDA), 2024 WL 4357036 (S.D.N.Y. Sept. 30, 2024). Judge Gardephe held that Harvard's motion to dismiss Plaintiff's retaliation claims under Section 1981 of the Civil Rights Act of 1866 ("Section 1981"), the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") were denied and that Defendants' motions to dismiss

otherwise were granted. *Id*. at 26. Plaintiff was granted leave to move to amend regarding the following claims:

- her Section 1981, NYSHRL, and NYCHRL claims against Harvard and the Union;

- her Labor Management Reporting and Disclosure Act ("LMRDA") claim against the Union;

- her Title VII of the Civil Rights Act of 1964 ("Title VII") claims against Harvard and the Union, but only with respect to claims arising on or after January 8, 2021;

- her duty of fair representation pursuant to the of the Labor Management Relations Act ("LMRA") claim against the Union, but only with respect to claims arising on or after October 13, 2021; and

- her hybrid Section 301 of the LMRA /duty of fair representation pursuant to the LMRA claim against Harvard and the Union, but only with respect to claims arising on or after October 13, 2021.

*Id*. In a footnote, Judge Gardephe stated that "the proposed second amended complaint submitted by Plaintiff contains a number of defects that must be corrected in any subsequent proposed second amended complaint that Plaintiff submits in connection with her motion for leave to amend." *Id*. at n.16; *see also id.* at n.15.

On December 20, 2024, this action was reassigned to District Judge Vargas. Thereafter, Plaintiff submitted multiple filings with respect to her proposed Second Amended Complaint at ECF Nos. 98, 99, 100, 104 and 105, which were docketed on December 23, 2024. Today, the Court held a telephonic conference to discuss the requests before the Court. (1/8/25 Minute Entry.) Also today, Judge Vargas issued a Second Amended Order of Reference that referred to the undersigned general pretrial supervision, a specific non-dispositive motion/dispute (motion to amend the complaint), as well as dispositive motions. (Sec. Am. Order of Reference, ECF No. 109.)

**LEGAL STANDARDS**

Rule 15 of the Federal Rules of Civil Procedure provides that the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). "This relaxed standard applies with particular force to *pro se* litigants." *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999); *see also Garay v. Novartis Pharm. Corp.*, 576 F. App'x 24, 25 (2d Cir. 2014) ("As a general rule, leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that [she] has a valid claim.").

"It is the usual practice upon granting a motion to dismiss to allow leave to replead." *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991). "Without the benefit of a ruling [on a motion to dismiss], many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies." *Loreley Fin. v. Wells Fargo Secs., LLC*, 797 F.3d 160, 190 (2d Cir. 2015).

Motions to amend are nondispositive that can be addressed by magistrate judges by Orders*. Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) (citing 28 U.S.C. § 636; Fed. R. Civ. P. 72(a)) ("As a matter of case management, a district judge may refer nondispositive motions, such as a motion to amend the complaint, to a magistrate judge for decision without the parties' consent."); *see also Fair Hous. Just. Ctr., Inc. v. 203 Jay St. Assocs., LLC*, No. 21-CV-01192 (NGG) (JRC), 2024 WL 3934518, at *5 n.1 (E.D.N.Y. Aug. 26, 2024) (citing *Fielding*, 510 F.3d at 178) ("The Second Circuit has stated that a motion to amend is a 'nondispositive' matter that can be determined by a magistrate judge, pursuant to Fed. R. Civ. P. 72(a), and subject to review under the 'clearly erroneous' standard."). "[I]t is within the sound discretion of the district court to grant

or deny leave to amend." *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019) (quoting *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018)).

## DISCUSSION

For the sake of judicial efficiency, and consistent with Second Circuit precedent, the Court, in its discretion, hereby grants Plaintiff leave to file a Second Amended Complaint. As noted in the Legal Standards section, *supra*, it is the "usual practice" in this Circuit to grant leave to amend after granting a motion to dismiss. *See Cortec*, 949 F.2d at 48. While Plaintiff previously has amended her complaint, "she has not yet done so with the benefit of a ruling[,]" and denying leave to amend could amount to reversible error. *See Kairam v. W. Side GI, LLC*, 793 F. App'x 23, 28 (2d Cir. 2019) (summary order). Defendants will have the opportunity to challenge any deficiencies in Plaintiff's pleading by filing a motion to dismiss such pleading. Thus, there is no practical difference between Defendants opposing Plaintiff's motion to amend and Defendants filing a motion to dismiss after Plaintiff files her Second Amended Complaint. *See Curran v. Camden Nat'l Corp.*, 477 F. Supp. 2d 247, 266 (D. Me. 2007) ("there is no practical difference between a grant of a Rule 12(b)(6) motion to dismiss and a denial of a motion to amend based on futility") (citation and internal quotation marks omitted).

Plaintiff shall take care in her preparation of her Second Amended Complaint. She shall adhere to Judge Gardephe's prior ruling with respect to the claims that she can assert; provided, however, that Plaintiff may assert claims based upon evidence that she asserts was newly discovered after the briefing of Defendants' prior motion to dismiss. (*See* Pl.'s 12/23/24 Ltr., ECF No. 100 (referring to "newly discovered evidence").)

Given Plaintiff's *pro se* status, the Court also provides the following guidance to Plaintiff. Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. Plaintiff must include all the information in her prior pleadings that Plaintiff wants the Court to consider in deciding whether the forthcoming Second Amended Complaint states a claim for relief. That information should include: (a) the names and titles of all relevant people; (b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred; (c) a description of the injuries Plaintiff allegedly suffered; and (d) the relief Plaintiff seeks, such as money damages. Essentially, Plaintiff's forthcoming Second Amended Complaint should tell the Court who violated her rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief. **Because Plaintiff's forthcoming Second Amended Complaint will completely replace, not supplement, her prior pleadings, any facts or claims that Plaintiff wants to include from the prior pleadings must be repeated in the forthcoming Second Amended Complaint**.

Finally, in preparing her Second Amended Complaint, Plaintiff is advised that there is a *Pro Se* Law Clinic available to assist self-represented parties in civil cases. The Clinic may be able to provide a *pro se* party with advice in connection with their case. The *Pro Se* Law Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any self-represented party through the *Pro Se* Intake Unit). Litigants in need of legal assistance should complete the City Bar Justice Center's intake forms to make an appointment.

Further information regarding the Justice Center can be found at the following link: https://www.nysd.uscourts.gov/attorney/legal-assistance.

Based upon the Court's ruling above, Defendant's letter motion requesting additional time to respond to Plaintiff's request for leave is DENIED AS MOOT.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's request to file a proposed Second Amended Complaint is GRANTED IN PART and DENIED IN PART and Harvard's letter motion is DENIED AS MOOT. It is hereby ORDERED, as follows:

1. No later than Friday, February 7, 2025, Plaintiff shall file her Second Amended Complaint.

2. No later than Friday, March 7, 2025, Defendants shall answer or move with respect to the Second Amended Complaint.

3. If either Defendant files a motion to dismiss the Second Amended Complaint, Plaintiff shall file her opposition no later than Friday, April 4, 2025. Defendant(s) may file any reply no later than April 11, 2025.

**SO ORDERED.**

Dated:   New York, New York
         January 8, 2025

_____
STEWART D. AARON
United States Magistrate Judge