UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Carina Cruz, | |
| Plaintiff, | 1:22-cv-03068 (JAV) (SDA) |
| -against- | **REPORT AND RECOMMENDATION** |
| Local 32BJ, et al., | |
| Defendants. | |

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

**TO THE HONORABLE JEANNETTE A. VARGAS, UNITED STATES DISTRICT JUDGE:**

Pending before the Court are motions by Defendants Harvard Maintenance Inc. ("Harvard") and Service Employees International Union, Local 32BJ s/h/a Local 32BJ (the "Union" or "Local 32BJ") (together, the "Defendants") for an Order dismissing the Second Amended Complaint[1] ("SAC") of plaintiff Carina Cruz ("Plaintiff" or "Cruz"). (Harvard 4/22/25 Not. of Mot., ECF No. 123; Union 4/22/25 Not. of Mot., ECF No. 119.)

For the reasons set forth below, it is respectfully recommended that Harvard's motion to dismiss, pursuant to Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure be DENIED; that Plaintiff's claims against Harvard (aside from certain retaliation claims that Judge Gardephe permitted to proceed) be *sua sponte* dismissed; that the Union's motion to dismiss, pursuant to

---

[1] In its motion, the Union refers to Plaintiff's pleading as the Third Amended Complaint, and Harvard refers to the pleading as the Second Amended Complaint. The pleading is referred to herein as the Second Amended Complaint based on Judge Gardephe's Order. *See Cruz v. Local 32BJ*, No. 22-CV-03068 (PGG) (SDA), 2024 WL 4357036, at *26 n.16 (S.D.N.Y. Sept. 30, 2024) ("The proposed new pleading would be a second amended complaint, because Plaintiff never obtained permission to file a second amended complaint. Judge Aaron granted her leave to submit a 'proposed Second Amended Complaint.'").

Rule 12(b)(6), be GRANTED, and that all claims against the Union be dismissed; and that Plaintiff

not be granted any further leave to amend her pleading.

### **FACTUAL ALLEGATIONS[2]**

In this action, Cruz brings claims against her former employer, Harvard, and her union,

Local 32BJ. The factual allegations herein are derived from the pleadings filed by Plaintiff at ECF

Nos. 113 and 114, as well as the exhibits filed separately as an "Amended Complaint."[3] (Exs., ECF

No. 116, Suppl. Exs., ECF No. 116-1.) The factual allegations contained in the SAC largely are

similar, and in some cases nearly identical, to those contained in the Amended Complaint, which

were addressed at length in the Court's prior Report and Recommendation ("R&R") and District

Judge Gardephe's Order adopting it in part. *See Cruz v. Local 32BJ*, No. 22-CV-03068 (PGG) (SDA),

2023 WL 11862079, at *1-3 (S.D.N.Y. Sept. 9, 2023), *adopted in part*, 2024 WL 4357036, at *1-4

(S.D.N.Y. Sept. 30, 2024). Thus, the Court incorporates herein by reference the Factual Allegations

section of the prior R&R, *see Cruz*, 2023 WL 11862079, at *1-3, and the Background Facts section

of Judge Gardephe's Order. *See Cruz*, 2024 WL 4357036, at *1-4. Additional facts relevant to

---

[2] For purposes of the pending motions to dismiss, the Court accepts Plaintiff's factual allegations as true and draws all reasonable inferences in her favor. *See City of Providence v. BATS Glob. Mkts., Inc.*, 878 F.3d 36, 48 (2d Cir. 2017).

[3] Plaintiff filed two documents labeled as "Amended Complaint" at ECF Nos. 113 and 114. ECF No. 113 asserts allegations against Harvard and ECF No. 114 asserts allegations against the Union. A duplicate of ECF No. 114 is filed at ECF No. 116 (at PDF pp. 10 to 22), along with Exhibits A through W (at PDF pp. 23 to 80). The first six pages of a duplicate of ECF No. 113 are filed at ECF No. 116 (at PDF pp. 81 to 86) and the last page of the duplicate is filed at ECF No. 116-1 (at PDF p. 1), along with Exhibits 1 through 8 (at PDF pp. 2 to 44). The Court will construe all the foregoing documents as the SAC for purposes of deciding the pending motions to dismiss. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." (citations omitted)).

Plaintiff's claims that are contained in Plaintiff's SAC are addressed in the Discussion section, *infra*.

## PROCEDURAL HISTORY

On April 13, 2022, Plaintiff filed her Complaint in this action. (Compl., ECF No. 2.) On August 11, 2022, Defendants filed motions to dismiss the Complaint. (Harvard 8/11/22 Not. of Mot., ECF No. 23; Union 8/11/22 Not. of Mot., ECF No. 28.) On January 23, 2023, Plaintiff filed her Amended Complaint. (Am. Compl., ECF No. 46.) On January 25, 2023, the Court denied Defendants' motions to dismiss as moot based upon Plaintiff's filing of her Amended Complaint. (1/25/23 Order, ECF No. 47.)

On March 27, 2023, Defendants filed motions to dismiss the Amended Complaint. (*See* Union 3/27/23 Not. of Mot.; Harvard 3/27/23 Not. of Mot.) On March 30, 2023, these motions were referred to the undersigned for an R&R regarding their disposition. (3/30/23 Am. Order of Ref., ECF No. 61.) On May 11, 2023, Plaintiff requested leave to file a further amended pleading to include a "new issue," *i.e.*, an incident on May 2, 2023, where she was removed from the Union's headquarters. (Pl.'s 5/11/23 Ltr., ECF No. 66.) By Order dated May 17, 2023, the Court denied without prejudice Plaintiff's request to amend. (5/17/23 Order, ECF No. 70.) The Court stated in its Order that, in response to Defendants' pending motions to dismiss, Plaintiff could seek leave to file a Second Amended Complaint; that, if Plaintiff sought such leave, she should file a proposed Second Amended Complaint with her opposition papers; and that Defendants should address in their replies why any further amendment should not be permitted. (*See id.*)

On June 15, 2023, Plaintiff filed her memoranda in opposition to Defendants' motions to dismiss. (Pl.'s 6/15/23 Harvard Opp., ECF No. 72; Pl.'s 6/15/23 32BJ Opp., ECF No. 73.) On June

15, 2023, she also filed her proposed SAC. (*See* Prop. SAC, ECF No. 71-1.) On August 18, 2023, Harvard and the Union filed their replies. (Harvard 8/18/23 Reply, ECF No. 82; Union 8/18/23 Reply, ECF No. 81.) On September 9, 2023, after considering the pleadings filed by Plaintiff at both ECF No. 46 and ECF No. 71, this Court issued an R&R recommending that the Defendants' motions be granted in their entirety, and that Plaintiff be granted leave to amend. *See Cruz*, 2023 WL 11862079, at *1, *12.

On September 30, 2024, Judge Gardephe, also after considering Plaintiff's pleadings filed at ECF No. 46 and ECF No. 71, adopted the R&R in part. *See Cruz*, 2024 WL 4357036, at *4, *26. Specifically, Judge Gardephe granted Defendants' motions to dismiss in part by dismissing Plaintiff's discrimination claim against Harvard under Title VII of the Civil Rights Act of 1964 ("Title VII") as time-barred, *id*. at *7; dismissing Plaintiff's discrimination claims against Harvard under Title VII and Section 1981 of the Civil Rights Act of 1866 ("Section 1981") on the merits, *id*. at *10; dismissing Plaintiff's discrimination claims against Harvard under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"), *id*. at *11; dismissing Plaintiff's retaliation claim against Harvard under Title VII, *id*. at *13 n.7; dismissing Plaintiff's duty of fair representation ("DFR") claims against the Union to the extent they were premised on conduct that took place prior to October 13, 2021, *id*. at *16; dismissing Plaintiff's DFR claims against the Union on the merits, *id*. at *17; dismissing Plaintiff's Title VII, Section 1981, NYSHRL and NYCHRL discrimination claims against the Union, *id*. at *19; dismissing Plaintiff's retaliation claims under Title VII, Section 1981, the NYSHRL and the NYCHRL against the Union, *id*. at *22; dismissing Plaintiff's retaliation claim against the Union under the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 401, *et seq*. ("LMRDA"), *id*. at *23; and dismissing Plaintiff's hybrid

Section 301/DFR[4] against Harvard and the Union. *Id*. at \*25. However, Judge Gardephe denied Defendants' motion to dismiss in part by declining to dismiss Plaintiff's retaliation claims against Harvard under Section 1981, the NYSHRL and the NYCHRL. *Id*. at \*13-14.

In his September 30, 2024 Order, Judge Gardephe granted Plaintiff leave to move to amend regarding the following claims: her Section 1981, NYSHRL and NYCHRL claims against Harvard and the Union; her LMRDA claim against the Union; her Title VII claims against Harvard and the Union, but only with respect to claims arising on or after January 8, 2021; her duty of fair representation claim against the Union, but only with respect to claims arising on or after October 13, 2021; and her hybrid Section 301/duty of fair representation claim against Harvard and the Union, but only with respect to claims arising on or after October 13, 2021. *Cruz*, 2024 WL 4357036, at \*26. Judge Gardephe stated that, "[i]n seeking leave to file a second amended complaint, Plaintiff will carefully consider the defects this Court has identified in her Amended Complaint and proposed second amended complaint." *Id*. He further stated that "the proposed second amended complaint [that previously had been] submitted by Plaintiff contain[ed] a number of defects that must be corrected in any subsequent proposed second amended complaint that Plaintiff submits in connection with her motion for leave to amend." *Id*. at n.16.

On December 10, 2024, this action was reassigned to District Judge Vargas. (12/10/24 Min. Entry.) On December 20, 2024, Plaintiff filed a letter requesting to amend her Complaint, as well as a document docketed as "Amended Complaint." (Pl.'s 12/20/24 Ltr., ECF No. 98; 12/20/24

---

[4] Breach of contract claims that arise out of a collective bargaining agreement ("CBA") are governed by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (the "LMRA"). A hybrid Section 301/duty of fair representation claim is one where it is alleged that the employer breached the CBA and that the union breached its DFR. *See Cruz*, 2023 WL 11862079, at \*11.

Am. Compl., ECF No. 99.) On December 23, 2024, Plaintiff filed a letter requesting leave to file a Second Amended Complaint. (Pl.'s 12/23/24 Ltr. Mot., ECF No. 100.) On the same day, Plaintiff filed two documents—one docketed as "Proposed Amended Complaint"—and the other docketed as "Proposed Second Amended Complaint." (Prop. Am. Compl., ECF No. 104; Prop. SAC, ECF No. 105.)

On December 27, 2024, Harvard filed a Letter Motion requesting an extension until January 23, 2025, to respond to Plaintiff's request to file her SAC. (Harvard's 12/27/24 Ltr. Mot., ECF No. 101.) By Order entered the same day, Judge Vargas referred this action to the undersigned for general pretrial matters, as well as Plaintiff's request to amend her complaint. (Am. Referral Order, ECF No. 103.) By Order entered December 30, 2024, the undersigned directed the parties to appear for a telephone conference to address Plaintiff's SAC and Harvard's Letter Motion. (12/30/24 Order, ECF No. 106.)

On January 8, 2025, Judge Vargas entered a second amended referral order adding to the referral for the undersigned to issue an R&R on the pending motions to dismiss. (Sec. Am. Referral Order, ECF No. 109.) The same day, the Court held a telephone conference (*see* 1/8/25 Min. Entry) and an Opinion and Order was entered granting Plaintiff's request to file her SAC. *See* Cruz v. Loc. 32BJ, 762 F. Supp. 3d 286 (S.D.N.Y. 2025). The Opinion and Order stated that "Defendants will have the opportunity to challenge any deficiencies in Plaintiff's pleading by filing a motion to dismiss such pleading" and that "there [was] no practical difference between Defendants opposing Plaintiff's motion to amend and Defendants filing a motion to dismiss after Plaintiff files her Second Amended Complaint." *Id*. at 289. The Opinion and Order further stated that Plaintiff "shall adhere to Judge Gardephe's prior ruling with respect to the claims that she can assert;

6

provided, however, that Plaintiff may assert claims based upon evidence that she asserts was newly discovered after the briefing of Defendants' prior motion to dismiss."[5] *Id.*

On January 27, 2025, Plaintiff filed a letter requesting until March 7, 2025 to file her SAC. (Pl.'s 1/27/25 Ltr., ECF No. 111.) On January 28, 2025, the undersigned granted Plaintiff's request. (1/28/25 Mem. End., ECF No. 112.) On March 7, 11 and 12, 2025, Plaintiff filed the documents docketed at ECF Nos. 113, 114 and 116, which the Court is construing as Plaintiff's SAC. (*See* footnote 3, *supra*.) On March 21, 2025, Defendants requested until April 22, 2025, to respond to the SAC, which was granted the same day. (Defs.' 3/21/25 Ltr. Mot., ECF No. 117; Order, ECF No. 118.)

On April 22, 2025, the Union filed its motion to dismiss, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, that now is before the Court, along with an accompanying memorandum of law and declaration. (Union 4/22/25 Not. of Mot.; Union 4/22/25 Mem., ECF No. 120; Cameron Decl., ECF No. 121.) The same day, Harvard filed its motion

---

[5] In addition, in its Opinion and Order, the Court provided the following guidance to Plaintiff since she is *pro se*:

> Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. Plaintiff must include all the information in her prior pleadings that Plaintiff wants the Court to consider in deciding whether the forthcoming Second Amended Complaint states a claim for relief. That information should include: (a) the names and titles of all relevant people; (b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred; (c) a description of the injuries Plaintiff allegedly suffered; and (d) the relief Plaintiff seeks, such as money damages. Essentially, Plaintiff's forthcoming Second Amended Complaint should tell the Court who violated her rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief. **Because Plaintiff's forthcoming Second Amended Complaint will completely replace, not supplement, her prior pleadings, any facts or claims that Plaintiff wants to include from the prior pleadings must be repeated in the forthcoming Second Amended Complaint**.

*Cruz*, 762 F. Supp. 3d at 289-90 (emphasis in original).

to dismiss, pursuant to Rules 8(a)(2) and 10(b), that is now before the Court, along with an accompanying memorandum of law. (Harvard 4/22/25 Not. of Mot.; Harvard Mem., ECF No. 124.)

By Order dated April 23, 2025, the Court required Plaintiff to respond to the motions to dismiss no later than May 23, 2025, and Defendants to reply no later than June 6, 2025. (4/23/25 Order, ECF No. 125.) On May 25, 2025, Plaintiff belatedly filed a response to Harvard's motion to dismiss. (Pl.'s 5/25/25 Resp., ECF No. 126.) On May 27, 2025, Plaintiff belatedly filed a response to the Union's motion to dismiss. (Pl.'s 5/27/25 Resp., ECF No. 127.) On May 30, 2025, Defendants requested an extension until June 20, 2025, to file a reply to Plaintiff's opposition papers. (Defs.' 5/30/25 Ltr. Mot., ECF No. 129.) The Court granted Defendants' request the same day. (5/30/25 Order, ECF No. 130.) On June 20, 2025, the Union and Harvard each filed a reply. (Union 6/20/25 Reply, ECF No. 132; Harvard 6/20/25 Reply, ECF No. 133.)

### LEGAL STANDARDS REGARDING PLEADINGS

### I.      Rule 8(a)(2)

Rule 8(a)(2) requires "[a] pleading that states a claim for relief" to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. 8(a)(2); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (discussing requirement that plaintiff plead "enough facts to state a claim to relief that is plausible on its face"). The statement must give a defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Under Rule 8, "[n]o technical form is required," and "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(d)(1), (e). Dismissal under Rule 8 "is usually reserved for those cases in which the complaint is so confused,

8

ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

## II.    Rule 10(b)

Rule 10(b) mandates that "[a] party must state its claim . . . in numbered paragraphs[.]" Fed. R. Civ. P. 10(b). "Where the absence of numbering or succinct paragraphs does not interfere with one's ability to understand the claims or otherwise prejudice the adverse party, the pleading should be accepted." *Edwards v. Annucci*, No. 17-CV-05018 (VB), 2019 WL 1284295, at *5 (S.D.N.Y. Mar. 20, 2019) (quoting *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005)). Moreover, "even where a violation of Rule 10(b) is not harmless, dismissal is not typically the appropriate course of action." *Id.* (citation and internal quotation marks omitted).

## III.    Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In deciding a motion to dismiss, the Court "must accept as true all of the allegations contained in a complaint[,]" but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted); *see also Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 239 (S.D.N.Y. 2019) ("The Court need not accept as true, 'legal conclusions, deductions, or opinions couched as factual allegations.'") (quoting *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007)).

A court is "obligated to afford a special solicitude to *pro se* litigants." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010); *accord Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Thus, when

9

considering Plaintiff's submissions, the Court must interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted). Nevertheless, "to survive a motion to dismiss, a *pro se* plaintiff must still plead sufficient facts to state a claim that is plausible on its face." *Bodley v. Clark*, 11-CV-08955 (KBF), 2012 WL 3042175, at *2 (S.D.N.Y. July 23, 2012); *see also Green v. McLaughlin*, 480 F. App'x 44, 46 (2d Cir. 2012) ("*pro se* complaints must contain sufficient factual allegations to meet the plausibility standard").[6]

## DISCUSSION

### I.     Rules 8(a)(2) and 10(b)

The Court will first address Harvard's motion to dismiss under Rules 8(a)(2) and 10(b) of the Federal Rules of Civil Procedure. The Court agrees with Harvard that Plaintiff's SAC is verbose and lacks clarity in certain paragraphs. However, its length and structure do not render it incomprehensible or otherwise prejudice Defendants from knowing which claims are being asserted against them. *See Edwards v. Annucci*, No. 17-CV-05018 (VB), 2019 WL 1284295, at *5 (S.D.N.Y. Mar. 20, 2019) (declining to dismiss claims under Rules 8(a)(2) and 10(b)). As discussed

---

[6] In addition to moving to dismiss under Rule 12(b)(6), the Union moves to dismiss Plaintiff's pleading under Rule 12(b)(1) for lack of subject matter jurisdiction. (*See* Union 4/22/25 Not. of Mot.) Specifically, the Union argues that the Court lacks subject matter jurisdiction to adjudicate Plaintiff's DFR claim because the Union is pursuing the claim in arbitration, which makes it unripe for review. (*See* Union 4/22/25 Mem. at 9.) The Union also argues that Plaintiff's NYSHRL and NYCHRL discrimination claims are preempted by Section 301 of the LMRA because they involve interpretation of the CBA and should be dismissed under Rule 12(b)(1). (*Id*. at 18-21.) The ripeness at issue here is one of prudential ripeness, not constitutional ripeness and does not affect the subject matter jurisdiction of the Court. *See Horne v. Dep't of Agric.*, 569 U.S. 513, 526 (2013) (recognizing that prudential ripeness is "not, strictly speaking, jurisdictional"). Moreover, "[p]reemption . . . is a defense that goes to the merits of a claim, not to subject matter jurisdiction," *Lanier v. Bats Exch., Inc.*, 838 F.3d 139, 146 n.5 (2d Cir. 2016), and, in any event, the Court does not address preemption in this R&R. (*See* footnote 14, *infra*.) Thus, the Court does not evaluate the Union's motion under Rule 12(b)(1).

above, Plaintiff filed two different amended complaints, one directed at each defendant. Plaintiff refiled both amended complaints at ECF No. 116 and 116-1, along with accompanying exhibits. The Court disagrees with Harvard that these filings are "shotgun pleading[s]" since it is not "extremely difficult to discern the precise nature of the claim[s]," *Manbeck v. Micka*, 640 F. Supp. 2d 351, 366 (S.D.N.Y. 2009), nor is it "virtually impossible to know which allegations of fact [were] intended to support which claim(s) for relief." *Croons v. N.Y. State Office of Mental Health*, 18 F. Supp. 3d 193, 199 (N.D.N.Y. 2014).

The factual allegations contained in the SAC largely are similar, and in some cases nearly identical, to those contained in the Amended Complaint, which Harvard previously moved against. Thus, the Court views the SAC as alleging with enough specificity the claims Plaintiff asserts against Harvard to allow it to identify the factual allegations related to the claims. Regardless, as discussed below, since the Court is recommending that the SAC be dismissed (except for the retaliation claims against Harvard that Judge Gardephe previously permitted to proceed), the Court declines to recommend dismissal of the SAC under Rules 8(a)(2) or 10(b).

II.    **Rule 12(b)(6)[7]**

    A.    **Discrimination Claims Against Harvard**

        1.    **Legal Standards**

In his September 30, 2024 Order, Judge Gardephe set forth the legal standards governing Plaintiff's discrimination claims against Harvard:

> To state a *prima facie* case of discrimination under Title VII, Plaintiff must plead facts showing (1) that she belonged to a protected class; (2) that she was qualified

---

[7] The Union moves for dismissal of the Complaint under Rule 12(b)(6) for failure to state a claim. (*See* Union 4/22/25 Not. of Mot.) By contrast, the Court notes that Harvard only moves for dismissal of the SAC

for the position she held; (3) that she suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent. To survive a motion to dismiss, Plaintiff must plausibly allege that her race or national origin was a motivating factor in the employment decision. Plaintiff's factual allegations need only give plausible support to a minimal inference of discriminatory motivation. Discrimination claims under Title VII and Section 1981 are analyzed under the same standard.

As to the NYSHRL, courts in the past treated Title VII and NYSHRL discrimination claims as analytically identical, applying the same standard of proof to both claims. In August 2019, however, the NYSHRL was amended to provide that it shall be construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of the NYSHRL, have been so construed. Accordingly, where – as here – a plaintiff's claims accrued after this amendment went into effect in October 2019, the standard for NYSHRL discrimination claims is closer to the standard of the NYCHRL set forth below.

NYCHRL claims are to be reviewed more liberally than Title VII claims, and the provisions of the NYCHRL must be construed broadly in favor of plaintiffs alleging discrimination. Accordingly, courts must analyze NYCHRL claims separately and independently from any federal claims.

Where an adverse employment action is shown to be motivated by racial or ethnic animus, even in part, the defendant may be held liable under the NYCHRL.

*Cruz*, 2024 WL 4357036, at *8 (cleaned up) (citations and quotation marks omitted).

---

on the grounds of Rule 8(a)(2) and 10(b) and not Rule 12(b)(6). (*See* Harvard 4/22/25 Not. of Mot.) Nonetheless, this Court "may dismiss a complaint *sua sponte* for failure to state a claim, as long as the plaintiff has been given an opportunity to be heard." *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 313 (S.D.N.Y. 2001) (citing *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991)). Plaintiff has had an opportunity to be heard through briefing of the prior motion to dismiss and the specific instructions provided by Judge Gardephe and this Court regarding how to remedy the defects in her Amended Complaint. Moreover, she will have a further opportunity to be heard by filing objections to this R&R. Thus, in addition to considering the Union's motion to dismiss the SAC for failure to state a claim, the Court will consider *sua sponte* whether the SAC states a claim against Harvard.

### 2.    Application

Judge Gardephe already found that Plaintiff's Title VII discrimination claim against Harvard is time-barred. *See Cruz*, 2024 WL 4357036, at *7. Nothing in the SAC alters that finding. Thus, Plaintiff's Title VII discrimination claim against Harvard should be dismissed.

In his Order dismissing Plaintiff's Section 1981, NYSHRL and NYCHRL discrimination claims, Judge Gardephe recounts the pleading defects with respect to such claims. *See Cruz*, 2024 WL 4357036, at *9-10. With respect to Plaintiff's claim that she was not promoted to the Forelady position for discriminatory reasons, the Order noted that "no inference of discriminatory motivation [could] be drawn from the fact that someone of Albanian descent (*i.e.*, Perdoda) was hired to the Forelady position, since Plaintiff ha[d] failed to plead facts to establish that she and Perdoda were similarly situated with respect to relevant experience and/or length of employment."[8] *Id*. at *9 (quoting prior R&R). In her SAC, Plaintiff again makes the conclusory allegation that she and Perdoda "were similarly situated in all material aspects," without offering additional facts in support of this statement. (*See* ECF No. 113, at PDF p. 2.) This allegation is not enough to state a discrimination claim. *See Sosa v. New York City Dep't of Educ.*, 368 F. Supp. 3d 489, 499 (E.D.N.Y. 2019) ("Plaintiff must do more than make conclusory legal allegations that she is substantially similar to her colleagues in order to adequately plead [a discrimination] claim.").

With respect to Plaintiff's allegations regarding her increased workload, Judge Gardephe's Order noted that "Plaintiff ha[d] not plausibly alleged that she was assigned an increased workload due to her national origin" and that, "[r]ather, she allege[d] that the workload of other

---

[8] In the Amended Complaint, Plaintiff had alleged that "Harvard . . . created a new Forelady position that they filled with Juliana Perdoda who is Albanian and new to the building." (*See* Am. Compl., ECF No. 46, at PDF p. 1.)

employees was increased as well." *Cruz*, 2024 WL 4357036, at *9 (quoting prior R&R). In her SAC, Plaintiff did not add any allegations to cure this pleading defect.[9]

With respect to Plaintiff's allegations that Albanian workers were treated better than Hispanic workers, Judge Gardephe noted that Plaintiff had not alleged facts to suggest that she was similarly situated to the Albanian workers. *See Cruz*, 2024 WL 4357036, at *11. As noted above, Plaintiff's conclusory allegation that she and Perdoda were similarly situated does not suffice. In his September 30, 2024 decision, Judge Gardephe also noted that Plaintiff had not pled facts to suggest that she was similarly situated to Grazyna Frenkyl, a white Polish co-worker, or Peter Rak, a white co-worker. *See id*. There are also no facts alleged in the SAC to suggest that Plaintiff and Rak were similarly situated. Moreover, as with her conclusory allegation regarding Perdoda, Plaintiff's conclusory allegation in the SAC that she and Frenkyl were "similarly situated . . . in all material aspects" (*see* ECF No. 113, at PDF p. 3) is not sufficient to state a discrimination claim. *See Sosa*, 368 F. Supp. 3d at 499. Plaintiff once again failed to offer additional facts in support of her allegation, such as a comparison of Frenkyl's or Rak's "relevant experience and/or length of employment" to Plaintiff's own. *See Cruz*, 2024 WL 4357036, at *9 (quoting prior R&R).

In his September 30, 2024 Order, Judge Gardephe noted that Plaintiff had not pled "facts constituting direct evidence of discriminatory intent, such as invidious comments by Harvard managers that would suggest a discriminatory motive." *Cruz*, 2024 WL 4357036, at *10. The SAC also does not plead any such facts.

---

[9] To the extent that Plaintiff alleges that her workload was increased in or around February 2020, in retaliation for the Complaints she filed with the Union and the National Labor Relations Board (see ECF No. 113, at PDF p. 2), the Court notes that Judge Gardephe already has found that Plaintiff has pled a plausible retaliation claim against Harvard under Section 1981, the NYSHRL and the NYCHRL. *See Cruz*, 2024 WL 4357036, at *13.

14

Judge Gardephe held that "[e]ven viewed in the light most favorable to Plaintiff, the Amended Complaint's allegations [were] not sufficient to make out a minimal showing that Harvard's actions were 'motivated by racial or ethnic animus, even in part.'" *Cruz*, 2024 WL 4357036, at *11. The Court carefully has reviewed the allegations made by Plaintiff in the SAC and finds that, like the Amended Complaint's allegations, the SAC's allegations also are not sufficient to make out such a showing.

Accordingly, it is recommended that Plaintiff's Title VII, Section 1981, NYSHRL and NYCHRL discrimination claims against Harvard be dismissed.

### B.    Retaliation Claims Against Harvard

Judge Gardephe already has held that, although her Title VII retaliation claim was time-barred, Plaintiff had made out a *prima facie* case of retaliation under Section 1981, the NYSHRL, and the NYCHRL. *Cruz*, 2024 WL 4357036, at *13-14 & n.7. Accordingly, Plaintiff's Section 1981, NYSHRL, and NYCHRL retaliation claims against Harvard must proceed.

### C.    DFR Claim Against The Union

#### 1.    Legal Standards

In his September 30, 2024 Order, Judge Gardephe set forth the legal standards governing Plaintiff's DFR claim against the Union:

> The duty of fair representation is a statutory obligation under the [National Labor Relations Act ("NLRA")], requiring a union to serve the interests of all members without hostility or discrimination, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct. A union breaches the duty of fair representation when its conduct toward a member of the bargaining unit is arbitrary, discriminatory, or in bad faith. Plaintiff must also demonstrate a causal connection between the union's wrongful conduct and their injuries. Any substantive examination of a union's performance must be highly deferential,

recognizing the wide latitude that negotiators need for the effective performance of their bargaining responsibilities.

A union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational. Moreover, tactical errors are insufficient to show a breach of the duty of fair representation; even negligence on the union's part does not give rise to a breach. A union's acts are discriminatory when substantial evidence indicates that it engaged in discrimination that was intentional, severe, and unrelated to legitimate union objectives. Bad faith, which encompasses fraud, dishonesty, and other intentionally misleading conduct requires proof that the union acted with an improper intent, purpose, or motive.

*Cruz*, 2024 WL 4357036, at *15-16 (cleaned up) (citations and quotation marks omitted).

### 2.    Application

In his September 30, 2024 Order, Judge Gardephe dismissed Plaintiff's DFR claim against the Union. *See Cruz*, 2024 WL 4357036, at *17. Judge Gardephe dismissed Plaintiff's DFR claim to the extent that it was based on allegations that the Union did not properly represent her at an NLRB arbitration. *See id*. (citing *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160 (2d Cir. 1989)),[10] Judge Gardephe found that any DFR claim premised on inadequate representation of Plaintiff at the arbitration proceeding must await the conclusion of that proceeding. *See id*.

Judge Gardephe noted other alleged breaches by the Union, including Plaintiff's "disagreement with the Union's decision to close certain grievances that she filed regarding discrimination by Harvard." *Id*. Judge Gardephe held that "the Amended Complaint [did] not contain sufficient factual allegations regarding [the] incidents [pled therein] to plausibly demonstrate that the Union's actions were 'arbitrary, discriminatory, or in bad faith[,]" and that

---

[10] *See Ghartey*, 869 F.2d at 163 ("Surely a federal district court should not be called upon to consider a suit based in part on the claim that a union lawyer's preparation for or performance in an arbitration hearing was inadequate before the effectiveness of that representation can be measured.").

16

"the Amended Complaint [did not] articulate a causal connection between the Union's conduct and any injury suffered by Plaintiff." *Cruz*, 2024 WL 4357036, at *17 (citation omitted).

Considering the allegations in the SAC that arose after October 13, 2021,[11] which do not relate to the arbitration proceeding, the SAC largely repeats or rewords the same factual allegations found in the Amended Complaint. To the extent that Plaintiff has added new factual allegations to the SAC, these additions still are not sufficient to plausibly demonstrate that the Union's actions towards Plaintiff were arbitrary, discriminatory or in bad faith and the SAC does not articulate a causal connection between the Union's conduct and any injury suffered by Plaintiff.

The SAC contains allegations regarding how other Union members of the same ethnicity as Plaintiff purportedly were treated by the Union. (*See* ECF No. 114, at PDF pp. 6-7.) However, even assuming, *arguendo*, that the Union's conduct vis-à-vis these other Union members was actionable, Plaintiff does not have standing to pursue DFR claims on behalf of the other Union members. *See Weiss v. Torpey*, 987 F. Supp. 212, 218 (E.D.N.Y. 1997) ("union members lack standing to enforce the rights of other union members" (citing *Ellis v. Civil Serv. Emps. Ass'n, Inc. v. Local 1000, AFSCME, AFL-CIO*, 913 F. Supp. 684, 688 (N.D.N.Y. 1996)). Accordingly, it is recommended that the Plaintiff's DFR claim against the Union be dismissed.

---

[11] Judge Gardephe dismissed Plaintiff's DFR claims against the Union to the extent they are premised on conduct that took place prior to October 13, 2021 as time-barred. *See Cruz*, 2024 WL 4357036, at *16.

**D.**     **Discrimination Claims Against The Union**

**1.**     **Legal Standards**

In his September 30, 2024 Order, Judge Gardephe set forth the legal standards governing

Plaintiff's discrimination claims against the Union:

> Title VII claims against labor organizations are subject to an analysis different from that applicable to Title VII claims against employers. Where a plaintiff claims that a union violated Title VII based on its failure to represent a member, courts in this Circuit generally incorporate the duty of fair representation as one of the elements of the alleged Title VII violation. The same approach applies to Section 1981 discrimination claims brought against a union.
>
> To bring a Title VII discrimination claim against a union concerning the manner in which the union handled a member's workplace complaints, the plaintiff must demonstrate that (1) the Union breached its duty of fair representation to plaintiff; and (2) that the Union's conduct was motivated by animus toward the plaintiff's protected status. The same standard applies to Section 1981 discrimination claims brought against a union.
>
> However, courts must analyze NYCHRL and post-2019 amendment NYSHRL claims separately and independently from any federal law claims. As a result of the 2019 amendments, the standard for NYSHRL discrimination claims is closer to the standard of the NYCHRL set forth below. Discrimination claims brought under the NYCHRL are to be reviewed more liberally than Title VII claims, and the provisions of the NYCHRL must be construed broadly in favor of plaintiffs alleging discrimination. Where an adverse employment action is shown to be motivated by racial or ethnic animus, even in part, the defendant may be held liable under the NYCHRL.

*Cruz*, 2024 WL 4357036, at *18 (cleaned up) (citations and quotation marks omitted).

**2.**     **Application**

Because the SAC "does not adequately allege a breach of the duty of fair representation,

Plaintiff likewise has not plausibly alleged a discrimination claim against the Union under Title VII

and Section 1981." *Cruz*, 2024 WL 4357036, at *18; *see also McIntyre v. Longwood Cent. Sch.*

*Dist.*, 380 F. App'x 44, 49 (2d Cir. 2010) (dismissing Title VII discrimination claim where Union did not breach its duty of fair representation).

In any event, even if the SAC had adequately alleged a DFR claim against the Union, Plaintiff's discrimination claims under Title VII, Section 1981, the NYSHRL and the NYCHRL should be dismissed, because Plaintiff has not alleged facts giving rise to even "a minimal inference of discriminatory motivation." *See Cruz*, 2024 WL 4357036, at *19 (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311, (2d Cir. 2015)). Like the Amended Complaint before it, the SAC "alleges that Plaintiff subjectively believes that the Union engaged in race and national origin discrimination." (*Compare* Am. Compl., ECF No. 46, at PDF pp. 11 & 13 *with* SAC, ECF No. 114, at PDF p. 12.) However, as Judge Gardephe explained, "Plaintiff's subjective beliefs are 'legally irrelevant' to her obligation to plead facts demonstrating discriminatory intent." *Cruz*, 2024 WL 4357036, at *19 (quoting *Farmer v. Shake Shack Enters., LLC*, 473 F. Supp. 3d 309, 328 (S.D.N.Y. 2020)).

The SAC contains a single allegation reflecting discriminatory animus, *i.e.*, a 2018 text message in which a Union representative referred to Plaintiff as a "stupid Dominican." (*See* SAC, ECF No. 114, at PDF p. 1 ¶ 2.) This same allegation was contained in the Amended Complaint (*see* Am. Compl., ECF No. 46, at PDF p. 6), and Judge Gardephe found that "the text message is 'stale' and [did] not constitute evidence that the Union acted with discriminatory intent." *Cruz*, 2024 WL 4357036, at *19 n.10 (citing prior R&R).

With respect to the Amended Complaint, Judge Gardephe determined that "even under the more liberal standards applicable under the NYSHRL and the NYCHRL, the Amended Complaint's allegations [were] insufficient to plausibly allege that the Union's actions were

19

'motivated by racial or ethnic animus, even in part." *Cruz*, 2024 WL 4357036, at *19 (citing *Williams v. N.Y.C. Transit Auth.*, 171 A.D. 3d 990, 992 (2d Dep't 1992)). Having reviewed the SAC, the Court finds that it does not add any additional allegations to warrant a different outcome from the discrimination claim alleged in the Amended Complaint. As in the Amended Complaint, the SAC fails to plead any new or additional facts demonstrating discriminatory intent.

Accordingly, it is recommended that Plaintiff's discrimination claims against the Union under Title VII, Section 1981, the NYSHRL and the NYCHRL be dismissed.[12]

### E.    Retaliation Claims Against The Union

#### 1.    Legal Standards

In his September 30, 2024 Order, Judge Gardephe set forth the legal standards governing Plaintiff's retaliation claims against the Union:

> To make out a *prima facie* case of retaliation by a union, a plaintiff must show that (1) she was engaged in an activity protected under Title VII and known to the union; (2) she suffered adverse union action; and (3) there was a causal connection between the protected activity and the union's actions.

> Where retaliation claims are brought against a union, the term protected activity refers to action taken to protest or oppose statutorily prohibited discrimination.

> An adverse action by a union is one that affects the terms, privileges, duration, or conditions of employment. An adverse action by a union includes any breach of the duty of fair representation, including the failure to pursue a grievance and the failure to enforce rights under a collective bargaining agreement. That is, while a union may take an adverse action against an employee by breaching its duty of fair representation to that employee, it also may do so by acting or failing to act in a way which materially and negatively impacts the terms and conditions of the union member's employment. In addition, under the NYCHRL, an adverse employment action includes any act that is reasonably likely to deter a person from engaging in protected activity.

---

[12] Like Judge Gardephe, having concluded that Plaintiff's NYSHRL and NYCHRL claims are properly dismissed for failure to state a claim, the Court does not reach the Union's argument that Plaintiff's NYSHRL and NYCHRL claims are preempted by federal law. *See Cruz*, 2024 WL 4357036, at *19 n.11.

> Where retaliation claims are brought against a union, a causal connection may be established either indirectly by showing that the protected activity was closely followed in time by the adverse action, or through other evidence such as disparate treatment of fellow employees who engaged in similar conduct, or directly through evidence of retaliatory animus directed against a plaintiff by the defendant. When considering causation, courts apply the same temporal-proximity analysis to NYCHRL and NYSHRL retaliation claims as they do to Title VII claims.

*Cruz*, 2024 WL 4357036, at *20 (cleaned up) (citations and quotation marks omitted).

### 2.    Application

Judge Gardephe dismissed Plaintiff's Title VII, Section 1981, NYSHRL and NYCHRL retaliation claims against the Union, finding that most of the allegations in the Amended Complaint did not involve actions taken by Plaintiff to protest or oppose alleged racial or national origin discrimination by the Union. *See Cruz*, 2024 WL 4357036, at *20-22. In the SAC, Plaintiff repeats many of the same allegations that she pled in the Amended Complaint regarding actions taken by Plaintiff, and her retaliation claims in general. (*Compare* Am. Compl., ECF No. 46, at PDF p. 6 ¶¶ 1-2 *with* SAC, ECF No. 114, at PDF p. 2 ¶¶ 4-5; Am. Compl., ECF No. 46, at PDF p. 7 ¶ 5 *with* SAC, ECF No. 114, at PDF p. 3 ¶ 8; Am. Compl., ECF No. 46, at PDF p. 9 ¶ 13 *with* SAC, ECF No. 114, at PDF p. 6 ¶ 20; Am. Compl., ECF No. 46, at PDF pp. 9-10 ¶ 15 with SAC, ECF. No. 114, at PDF p. 8 ¶ 22; Am. Compl., ECF No. 46, at PDF p. 10 ¶ 16 *with* SAC, ECF No. 114, at PDF p. 9 ¶ 23; Am. Compl., ECF No. 46, at PDF p. 11 ¶ 19[13] *with* SAC, ECF. No. 114, at PDF p. 9 ¶ 25; Am. Compl., ECF No. 46, at PDF p. 11 ¶ 20 *with* SAC, ECF No. 114, at PDF p. 10 ¶ 26; Am. Compl., ECF No. 71, at PDF pp. 1, 3 ¶¶ 2, 8 *with* SAC, ECF No. 114, at PDF p. 11 ¶ 28.) As Judge Gardephe found,

---

[13] In paragraph 19 of the Amended Complaint, Plaintiff alleges that she attended her initial arbitration hearing where Plaintiff was characterized as a "thorn in the thigh" on January 24, 2020, but in paragraph 25 of the SAC, the date of such attendance was stated as January 24, 2022.

"[n]one of these allegations involves a complaint of race or national origin discrimination by the Union." *Cruz*, 2024 WL 4357036, at *20. As Judge Gardephe further found, "the only facially plausible allegation of protected activity relates to Plaintiff's November 4, 2021 EEOC charge of discrimination, in which Plaintiff complains of racial discrimination by the Union," followed by an alleged adverse action in a February 7, 2022 letter, in which "the Union informed Plaintiff that her grievance arising from an alleged '[i]llegal layoff' by Harvard had been closed by the Union." *Id*. at 21. "Given the more than three-month gap between Plaintiff's alleged protected activity and the Union's letter closing her grievance, Plaintiff has not plausibly alleged a causal connection between her protected activity and the alleged adverse action under Title VII, Section 1981, the NYSHRL, or the NYCHRL." *Id*.

Based upon the Court's review of the SAC, Plaintiff did not add any allegations regarding a complaint by her of race or national origin discrimination by the Union. Since Plaintiff has not pled any protected activity, she has not stated a claim against the Union for retaliation. Accordingly, it is recommended that Plaintiff's retaliation claims against the Union under Title VII, Section 1981, the NYSHRL and the NYCHRL be dismissed.[14]

F.    **LMRDA Claim Against The Union**

    1.    **Legal Standards**

Section 101 of the LMRDA provides:

Every member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an

---

[14] Given the recommended disposition in the text above, the Court need not address the Union's argument regarding dismissal based on preemption. (*See* Union 4/22/25 Mem. at 16-18, 21) (alleging Plaintiff's state and city discrimination claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA")).

election of the labor organization or upon any business properly before the meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings. . . .

29 U.S.C. § 411(a)(2). The LMRDA provides a private right of action for violations of this provision.

Id. § 412.

As Judge Gardephe explained in his September 30, 2024 Order:

The purpose of Title I, as evidenced by its legislative history, was to protect union members from oppressive union leadership while preserving the union's right to adopt reasonable rules of governance. Title I seeks to further the basic objective of the LMRDA: ensuring that unions are democratically governed and responsive to the will of their memberships.

To state a claim for retaliation under Section 101 of the LMRDA, a plaintiff must plead facts demonstrating the following: (1) her conduct constituted free speech under the LMRDA; (2) that the speech was a cause for the Union taking action against him; and (3) damages.

*Cruz*, 2024 WL 4357036, at *22-23 (cleaned up) (citations and quotation marks omitted).

Moreover, Union members suing under Title I of the LMRDA are "obligated to exhaust [their] internal union remedies unless [they] showed that the Union had acted in bad faith or in an arbitrary or discriminatory manner or that such internal procedures would have been futile." *Wozniak v. UAW, Local 897*, 842 F.2d 633, 636 (2d Cir. 1988).

### 2.    Application

In her Amended Complaint, Plaintiff alleged that, in September 2021, after she sued the Union in her prior, now-dismissed lawsuit, and told the Union that she was going to sue them again, Plaintiff's name was omitted from the eligible voter list and she "could not cast [her] ballot." (Am. Compl., ECF No. 46, at PDF pp. 9-10 ¶ 15.) Plaintiff further alleges that she was told that "the ballot had to be received by mail only." (*Id*.) This Court recommended that Plaintiff's LMRDA claim based upon these allegations be dismissed "because Plaintiff ha[d] not plausibly

23

alleged the required causal link between her speech and [the Union] denying her the ability to vote" and that "she [had failed] to allege that she was treated differently from any other voter regarding election ballots." *Cruz*, 2023 WL 11862079, at *11. In his September 30, 2024 Order, Judge Gardephe adopted this recommendation. *See Cruz*, 2024 WL 4357036, at *23.

Plaintiff adds an allegation in her SAC that "[her] name was the only one excluded from the voting list." (SAC, ECF No. 114, at PDF p. 9 ¶ 22.) However, Plaintiff does not include any facts in the SAC with respect to other voters to determine whether she was singled out due to her actions, *see Hussein v. Hotel Emples. & Rest. Union, Loc. 6*, 108 F. Supp. 2d 360, 366 (S.D.N.Y. 2000), *vacated on other grounds*, 14 F. App'x 39 (2d Cir. 2001) ("In considering the 'causal link' element of the prima facie case, the absence of selective prosecution or dissimilar treatment defeats a claim of retaliation under the LMRDA."), or due to the fact that she was, as she initially alleged in the Amended Complaint, "not an active member." (*See* ECF No. 71, at PDF p. 1).[15]

### G.    Hybrid Claim Against Harvard And The Union

#### 1.    Legal Standards

In his September 30, 2024 Order, Judge Gardephe set forth the legal standards governing Plaintiff's hybrid claim against Harvard and the Union:

> Breach of contract claims that arise out of a collective bargaining agreement are governed by § 301 of the Labor Management Relations Act. To ensure that such disputes are resolved uniformly, the Supreme Court has determined that § 301 preempts state law claims that require the interpretation of a collective bargaining agreement.

---

[15] As an alternative ground for dismissal, Plaintiff's LMRDA claim should be dismissed because she failed to exhaust administrative remedies and has not plausibly alleged in the SAC that the Union acted in bad faith or in a discriminatory manner, or that the internal procedures would have been futile. *See Wozniak*, 842 F.2d at 636.

Before a union-represented employee may sue her employer for breach of a collective bargaining agreement, she ordinarily must attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement. This exhaustion requirement is excused, however, if plaintiff can show that the failure to arbitrate or the unsuccessful result in that forum was due to the Union's wrongful conduct, that is, a breach of its duty to represent plaintiff fairly.

In such circumstances, a plaintiff may bring a hybrid § 301/fair representation claim against the employer for breach of the CBA under Section 301 of the LMRA and against the union for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act. Accordingly, where a union-represented employee alleges a 'breach of contract, apparently in reference to a collective bargaining agreement, courts analyze breach of contract claims as hybrid claims against an employer and a union.

To prevail on a hybrid § 301/duty of fair representation claim, a plaintiff must demonstrate both (1) that the employer breached its collective bargaining agreement and (2) that the union breached its duty of fair representation. . . .

*Cruz*, 2024 WL 4357036, at *23-24 (cleaned up) (citations and quotation marks omitted).

### 2.    Application

Since Plaintiff has failed to plead a DFR claim against the Union, her hybrid Section 301 claims should be dismissed. *See Vaughn v. Am. Tel. & Tel. Co*., 92 F. App'x 21, 23 n.1 (2d Cir. 2004) (concluding that court "need not reach the issue of whether [the employer] breached the CBA" due to plaintiff's failure to state DFR claim against union).

## III.    No Further Leave to Amend

With respect to the claims that Judge Gardephe dismissed, Plaintiff has failed to cure in the SAC the pleading deficiencies that were present in the Amended Complaint. Thus, as set forth above, it is recommended that such claims once again be dismissed.

Additionally, the Court recommends that Plaintiff not be granted leave to file a third amended complaint. "Generally, a plaintiff's failure to fix deficiencies in the previous pleading, after being provided notice of them, is alone sufficient ground to deny leave to amend." *Earl v.*

25

*Good Samaritan Hosp. of Suffern NY*, 625 F. Supp. 3d 292, 308 (S.D.N.Y. 2022), *aff*'d, No. 22-2505-cv, 2023 WL 8708417 (2d Cir. Dec. 18, 2023). The Court's September 9, 2023 R&R provided Plaintiff with notice of the deficiencies in the Amended Complaint that needed to be corrected in the SAC, and Judge Gardephe's September 30, 2024 Order provided Plaintiff further guidance on what she needed to do to cure her pleading deficiencies. Plaintiff received an opportunity to correct those deficiencies, but she failed to do so. Based on the foregoing, it is recommended that Plaintiff not be granted further leave to amend.

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that Harvard's motion to dismiss, pursuant to Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure, be DENIED; that Plaintiff's claims against Harvard (aside from the retaliation claims identified below) be *sua sponte* dismissed; that the Union's motion to dismiss, pursuant to Rule 12(b)(6), be GRANTED, and that all claims against the Union be dismissed; and that Plaintiff not be granted any further leave to amend her pleading. If the foregoing recommendations are adopted, this case will proceed only against Harvard and solely based upon Plaintiff's Section 1981, NYSHRL and NYCHRL retaliation claims.

Dated:     New York, New York
           January 24, 2026

_____
**STEWART D. AARON**
**United States Magistrate Judge**

\*          \*          \*

26

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Vargas.

**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).