UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                   :

CARINA CRUZ,                                 :

                              Plaintiff,        :        22-CV-03068 (JAV)(SDA)

                                    :

        -v-                            :        <u>OPINION AND ORDER</u>

                                    :

LOCAL 32BJ, et al.,                     :

                                    :

                           Defendants.      :

                                    :
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

     *Pro se* Plaintiff brings this action against her former employer, Harvard

Maintenance Inc. ("Harvard"), and her union, Service Employees International

Union, Local 32BJ (the "Union" or "Local 32BJ") (collectively, "Defendants").

Plaintiff asserts claims of race and national origin discrimination and retaliation

against Harvard and the Union pursuant to Title VII of the Civil Rights Act of 1964,

42 U.S.C. § 2000e ("Title VII"); Section 1981 of the Civil Rights Act of 1866, 42

U.S.C. § 1981 ("Section 1981"); the New York State Human Rights Law, N.Y.

Executive Law § 296 ("NYSHRL"); and the New York City Human Rights Law, New

York City Admin. Code § 8-502(a) *et seq.* ("NYCHRL").  Plaintiff additionally brings

claims against the Union for (1) breaching its duty of fair representation pursuant

to the National Labor Relations Act, 29 U.S.C. § 151 *et seq.* ("NLRA"); and (2)

violating Section 101 of the Labor Management Reporting and Disclosure Act, 29

U.S.C. § 411(a)(2) ("LMRDA").  Finally, Plaintiff brings a so-called hybrid claim

against both Harvard and the Union for breach of a collective bargaining agreement

("CBA"), pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) ("LMRA").

Pending before the Court are Defendants' motions to dismiss the Second Amended Complaint ("SAC").  ECF Nos. 119, 123.  The motions to dismiss were referred to Magistrate Judge Stewart D. Aaron for a Report and Recommendation.  ECF No. 109.  On January 24, 2026, the Magistrate Judge issued a Report and Recommendation.  ECF No. 134 (the "R&R").  In his comprehensive and thoughtful R&R, Magistrate Judge Aaron recommends that Harvard's motion to dismiss pursuant to Rules 8(a) and 10(b) be denied, but that all of Plaintiff's claims against Harvard and the Union be dismissed for failure to state a claim, except for Plaintiff's retaliation claims against Harvard brought under Section 1981, NYSHRL, and NYCHRL.  *Id.* at 26.  The Magistrate Judge further recommends denying Plaintiff the opportunity to further replead, as she was previously granted an opportunity to correct the deficiencies in her complaint.  *Id.*

Plaintiff filed an objection to the R&R on March 3, 2026, ECF No. 139 ("Obj"), which was one day after the extended deadline to submit objections, ECF No. 137.  Defendants have not objected to any aspect of the R&R.  ECF Nos. 140, 141.  For the reasons that follow, the R&R is ADOPTED IN PART.  Harvard's motion to dismiss is GRANTED IN PART AND DENIED IN PART.  The Union's motion to dismiss is likewise GRANTED IN PART AND DENIED IN PART.

## BACKGROUND

The factual and procedural background of this matter has been recounted at length in prior decisions of the Court, including Magistrate Judge Aaron's first Report and Recommendation with respect to Defendants' motions to dismiss the Amended Complaint, *Cruz v. Loc. 32BJ*, No. 22-CV-03068 (PGG) (SDA), 2023 WL 11862079 (S.D.N.Y. Sep. 9, 2023), and Judge Paul Gardephe's decision adopting in part and rejecting in part that Report and Recommendation, *Cruz v. Loc. 32BJ*, No. 22-CV-03068 (PGG) (SDA), 2024 WL 4357036 (S.D.N.Y. Sep. 30, 2024) (the "September 2024 Decision").  Familiarity with those prior decisions is assumed.

As relevant here, on April 13, 2022, Plaintiff filed her Complaint in this action.  ECF No. 2.  On January 23, 2023, Plaintiff filed an Amended Complaint.  ECF No. 46 ("Am. Compl.").  Defendants moved to dismiss the Amended Complaint.  ECF Nos. 50, 54.  On September 9, 2023, Magistrate Judge Aaron issued a Report and Recommendation recommending that Defendants' motions be granted in their entirety, and that Plaintiff be granted leave to amend.  *See Cruz*, 2023 WL 11862079, at *1, *12.

On September 30, 2024, Judge Gardephe adopted the prior Report and Recommendation in part.  *See Cruz*, 2024 WL 4357036, at *1, *26.  Specifically, Judge Gardephe granted Defendants' motions to dismiss in part by dismissing Plaintiff's Title VII discrimination claim against Harvard as time-barred, *id.* at *7; dismissing Plaintiff's Title VII and Section 1981 discrimination claims against Harvard on the merits, *id.* at *10; dismissing Plaintiff's NYSHRL and NYCHRL

discrimination claims against Harvard on the merits, *id.* at *11; dismissing

Plaintiff's Title VII retaliation claim against Harvard as time-barred, *see id.* at *13;

dismissing Plaintiff's duty of fair representation ("DFR") claims against the Union

as time-barred to the extent they were premised on conduct that took place prior to

October 13, 2021, *id.* at *16; dismissing Plaintiff's DFR claims against the Union on

the merits, *id.* at *17; dismissing Plaintiff's Title VII, Section 1981, NYSHRL, and

NYCHRL discrimination claims against the Union on the merits, *id.* at *19;

dismissing Plaintiff's Title VII, Section 1981, NYSHRL, and NYCHRL retaliation

claims against the Union on the merits, *id.* at *22; dismissing Plaintiff's LMRDA

retaliation claim against the Union on the merits, *id.* at *23; and dismissing

Plaintiff's hybrid Section 301/DFR claim against Harvard and the Union as time-

barred and on the merits, *id.* at *25.  However, Judge Gardephe denied Harvard's

motion to dismiss Plaintiff's retaliation claims under Section 1981, the NYSHRL,

and the NYCHRL.  *Id.* at *13-14.

Judge Gardephe granted Plaintiff leave to amend her pleading to cure the

deficiencies identified by the Court, but only as to the following claims:

- her Section 1981, NYSHRL, and NYCHRL claims against Harvard and
  the Union;

- her LMRDA claim against the Union;

- her Title VII claims against Harvard and the Union, but only with respect
  to claims arising on or after January 8, 2021;

- her DFR claim against the Union, but only with respect to claims arising
  on or after October 13, 2021; and

4

- her hybrid Section 301/DFR claim against Harvard and the Union, but only with respect to claims arising on or after October 13, 2021.

*Id.* at *26.

On March 7, 11, and 12, 2025, Plaintiff filed the documents docketed at ECF Nos. 113, 114, and 116, which the Court construes as Plaintiff's Second Amended Complaint. Although it added some details and attached several exhibits, the SAC largely repeats the allegations in the Amended Complaint.

On April 22, 2025, the Union filed a motion to dismiss the SAC pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 119. That same day, Harvard moved to dismiss the SAC pursuant to Rules 8(a)(2) and 10(b). ECF No. 123.

The R&R recommended denying Harvard's motion to dismiss pursuant to Rules 8(a)(2) and 10(b). R&R at *10-11. Magistrate Judge Aaron nonetheless *sua sponte* examined whether Plaintiff's claims against Harvard should be dismissed for failure to state a claim given that Plaintiff had failed to follow the instructions of Judge Gardephe when he dismissed the claims against Harvard and provided Plaintiff with leave to amend, reasserting many of her dismissed claims without alteration. *Id.* at *11-12 n.7. The R&R concluded that Plaintiff's claims against Harvard (aside from the retaliation claims that Judge Gardephe permitted to proceed) should be dismissed for failure to state a claim. *Id.* at *11-15. Finally, the R&R recommended granting the Union's motion to dismiss in its entirety. *Id.* at *15-25.

## LEGAL STANDARDS

### A.    Review of Magistrate Judge R&R

When reviewing a magistrate judge's R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *Ortiz v. Consol. Edison Co. of N.Y., Inc.*, 801 F. Supp. 3d 260, 272 (S.D.N.Y. 2025) (citation omitted). After a party submits a timely objection, the district court reviews *de novo* the portions of the R&R to which the party objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

Conclusory or general objections that merely refer the district court to previously filed papers or arguments do not constitute proper objections under Rule 72(b). *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022). To accept those portions of the report to which no timely or proper objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record. *See id.* at 120 & n.4.

"The purpose of the Federal Magistrates Act was to promote efficiency of the judiciary, not undermine it by allowing parties to relitigate every argument which it presented to the Magistrate Judge." *Vega v. Artuz*, No. 97-CV-3775 (LTS) (JCF), 2002 WL 31174466, at *1 (S.D.N.Y. Sep. 30, 2002) (cleaned up). In following that purpose, it is therefore "established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted).

6

**B.      Rule 12(b)(6)**

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court accepts as true all well-pleaded allegations and draws all reasonable inferences in favor of the non-moving party. *Romanova v. Amilus Inc.*, 138 F.4th 104, 108 (2d Cir. 2025). The court, however, does not consider "conclusory allegations or legal conclusions couched as factual allegations." *Dixon v. von Blanckensee*, 994 F.3d 95, 101 (2d Cir. 2021) (cleaned up). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[] [plaintiff's] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Bensch v. Est. of Umar*, 2 F.4th 70, 80 (2d Cir. 2021).

In deciding a motion to dismiss, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010). The Court may also consider a document not incorporated by reference if the complaint "'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." *Id.* (quoting *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006)).

Further, a *pro se* litigant's pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Johnson v. City of New York*, No. 23-CV-3018 (DEH), 2024 WL 3520445, at *4 (S.D.N.Y. July 23, 2024) (quoting *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020)). "Nonetheless, a *pro se* complaint must state a plausible claim for relief." *Meadows*, 963 F.3d at 243 (citation omitted). Ultimately, "the duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (cleaned up).

## DISCUSSION

Although Plaintiff filed her objection one day after the extended deadline of March 2, 2026, ECF No. 137, the Court will nonetheless review any properly raised objection in Plaintiff's submission under the *de novo* standard. The Court adopts the R&R's recommendation that the claims against Harvard be dismissed *sua sponte* for failure to state a claim, except for those retaliation claims that Judge Gardephe previously concluded could proceed. The Court also adopts the R&R's recommendation that the discrimination and DFR claims against the Union be dismissed for failure to state a claim. The Court denies the Union's motion to dismiss certain retaliation claims as set forth herein.

## A.    Law of the Case

As an initial matter, Plaintiff's Second Amended Complaint largely repeats, either verbatim or without substantive change, the allegations that were found insufficient to state a claim by Judge Gardephe in his September 2024 Decision. In

recommending that the claims against Harvard be dismissed other than the retaliation claim, the R&R simply applies that decision.  As a result, a number of Plaintiff's objections, while couched as objections to the R&R, implicitly challenge the rulings previously made by Judge Gardephe.

For example, Plaintiff raises a single objection with respect to the dismissal of her discrimination claims against Harvard:  that the R&R ignored her allegation that Harvard acted promptly in response to a complaint filed by a Polish employee, while it refused to investigate or accept her complaint of harassment.  Obj. at 11-12.  Plaintiff argues that this allegation provides support for her contention that the disparate treatment was based upon her race and national origin.  *Id.*  Yet Plaintiff included this same allegation in her prior complaint, *compare* Am. Compl., ¶ 5, *with* ECF No. 113 at ¶ 8, and Judge Gardephe ruled that her prior complaint did not adequately plead facts constituting evidence of discriminatory intent, *Cruz*, 2024 WL 4357036, at *8-11.  The Magistrate Judge did not err in abiding by Judge Gardephe's prior decision.  R&R at 13-15.

Similarly, with respect to her DFR claim, Plaintiff argues that the R&R "ignores" allegations that the Union improperly closed a grievance she filed with respect to her "illegal layoff" by Harvard without performing an investigation.  Obj. at 5-6.  Judge Gardephe addressed these very allegations in the September 2024 Decision and ruled that Plaintiff had not plausibly alleged a breach of the Union's DFR.  *Cruz*, 2024 WL 4357036, at *17.  Plaintiff simply repeated these allegations

in her Second Amended Complaint without any elaboration.  *Compare* Am. Compl.,

¶ 20, *with* ECF No. 114, ¶ 26.

Objections to the R&R are not an appropriate vehicle in which to raise

disagreements with the District Court's decision on the prior motion to dismiss.  *Cf.*

*Arista Recs. LLC v. Usenet.com, Inc.*, No. 07-CV-8822 (HB), 2010 WL 3629587, at *3

(S.D.N.Y. Sep. 16, 2010) (declining under the law of the case doctrine to revisit

holdings made in the summary judgment motion when made in objections to a

magistrate judge's report and recommendation on damages).  Under the law of the

case doctrine, "when a court has ruled on an issue, that decision should generally be

adhered to by that court in subsequent stages in the same case, unless cogent and

compelling reasons militate otherwise."  *United States v. Quintieri*, 306 F.3d 1217,

1225 (2d Cir. 2002) (cleaned up).  Such "cogent" and "compelling" reasons include

"an intervening change of controlling law, the availability of new evidence, or the

need to correct a clear error or prevent manifest injustice."  *Id.* at 1230 (citation

omitted).  The doctrine is "driven by considerations of fairness to the parties,

judicial economy, and the societal interest in finality."  *United States v. Carr*, 557

F.3d 93, 102 (2d Cir. 2009).  Plaintiff does not identify any compelling reason that

justifies revisiting the September 2024 Decision.  Accordingly, the Court overrules

Plaintiff's objections that simply seek to relitigate Judge Gardephe's previous

rulings.

**B.      Retaliation Claims Against the Union**

Plaintiff objects to the R&R's recommendation that the retaliation claims asserted against the Union be dismissed.  Obj. at 5-10.  To state a claim for retaliation by a union under Section 1981, the NYSHRL, and the NYCHRL, plaintiffs must establish that they were engaged in an activity taken to protest statutorily-prohibited discrimination, they suffered an adverse union action, and there was a causal connection between the adverse action and the protected activity.  *McLeod v. 1199 SEIU United Healthcare*, No. 17-CV-7500 (GHW), 2019 WL 1428433, at *11 (S.D.N.Y. Mar. 29, 2019); *Dillard v. SEIU Local 32BJ*, No. 15-CV-4132 (CM), 2015 WL 6913944, at *8 (S.D.N.Y. Nov. 6, 2015); *see Nieblas-Love v. New York City Hous. Auth.*, 165 F. Supp. 3d 51, 69 (S.D.N.Y. 2016).  The Second Amended Complaint sufficiently alleges a retaliation claim under Section 1981 against the Union.

An adverse action by a union "includes any breach of the duty of fair representation, including the failure to pursue a grievance and the failure to enforce rights under the collective bargaining agreement." *Agosto v. Corr. Officers Benev. Ass'n*, 107 F. Supp. 2d 294, 309 (S.D.N.Y. 2000) (citations omitted).  Moreover, "while a union may take an adverse action against an employee by breaching its duty of fair representation to that employee, it also may do so by acting or failing to act in a way which materially and negatively impacts the terms and conditions of the union member's employment." *Patrick v. Loc. Union No. 282*, No. 99-CV-8314 (NGG) (SMG), 2005 WL 2179415, at *5 (E.D.N.Y. Sep. 9, 2005) (cleaned up); *see also*

11

N.Y.C. Admin. Code § 8-107(7) (under the NYCHRL, an adverse employment action includes any act that is "reasonably likely to deter a person from engaging in protected activity").

"A causal connection may be established either indirectly by showing that the protected activity was closely followed in time by the adverse action" or "through other evidence such as disparate treatment of fellow employees who engaged in similar conduct, or directly through evidence of retaliatory animus directed against a plaintiff by the defendant." *Agosto*, 107 F. Supp. 2d at 309 (cleaned up). "When considering causation, courts apply the same temporal-proximity analysis to NYCHRL and NYSHRL retaliation claims as they do to Title VII claims." *Kraiem v. JonesTrading Institutional Servs. LLC*, 571 F. Supp. 3d 53, 60 (S.D.N.Y. 2021).

With respect to Plaintiff's retaliation claims against the Union, in the September 2024 Decision, Judge Gardephe determined that the only protected activity identified in the Amended Complaint was an EEOC discrimination complaint filed on November 4, 2021. *See Cruz*, 2024 WL 4357036 at *20-22. Most of Plaintiff's allegations of retaliation pre-dated that protected activity and thus could not give rise to a retaliation claim. *See id.* The only allegation that rose to the level of an adverse action following that EEOC complaint was the Union's February 7, 2022 decision to close Plaintiff's grievance arising from an alleged "illegal layoff." *Id.* at *21. Judge Gardephe determined, however, that the three-month lapse between the filing of the EEOC complaint and the closing of her grievance was too attenuated to establish causation. *Id.*

Judge Gardephe also noted that the Amended Complaint referred obliquely to an EEOC complaint filed in July 2019, without providing any further details. *Id.* at *22 n.13. The Amended Complaint, however, failed to allege any adverse actions occurring within a sufficiently close temporal proximity to the July 2019 filing. *Id.*

The R&R reviewed the Second Amended Complaint and found that "Plaintiff did not add any allegations regarding a complaint by her of race or national origin discrimination by the Union." R&R at 22. But in her Second Amended Complaint, Plaintiff does add details regarding a civil action she commenced in December 2019 alleging race and national origin discrimination against the Union, *Cruz v. 32BJ SEIU*, No. 19-CV-11836 (S.D.N.Y.). ECF No. 114 at 1 & ¶¶ 3, 24. Critically, Plaintiff alleges this lawsuit was not resolved until February 2024. *Id.* at 1.

The SAC alleges potentially adverse actions by the Union that took place after Plaintiff filed her lawsuit in December 2019. According to the SAC, in January 2020 Plaintiff filed a complaint regarding excess workload demands that the Union has yet to adjudicate, *id.*, ¶ 7, and in September 2021 the Union unilaterally closed her disparate treatment complaint without conducting an inquiry, *id.*, ¶ 9.[1] Additionally, Plaintiff alleges that the Union retaliated against her in September 2021 when they removed her name from the voter rolls and prevented her from voting in a Union election. *Id.*, ¶ 22.

---

[1] As set forth in the September 2024 Decision, Plaintiff cannot maintain any Title VII retaliation claim for discrete adverse actions that occurred prior to January 8, 2021, as such claims are time-barred. *Cruz,* 2024 WL 4357036 at *19.

13

Plaintiff's Second Amended Complaint also sufficiently alleges a causal link between her protected activity and the Union's handling of her grievances related to excess workload demands, disparate treatment, and her layoff.  At the time the Union allegedly failed to pursue her grievances, Plaintiff's federal civil rights lawsuit was still pending.  At the pleading stage, "[w]here . . . the alleged adverse action occurred in response to ongoing litigation, there is adequate 'temporal proximity' to find causation."  *Lewis v. Hanson*, No. 18-CV-0012 (LEK) (DJS), 2020 WL 1812556, at *13 (N.D.N.Y. Apr. 9, 2020) (cleaned up); *Cruz v. Lee*, No. 14-CV-4870 (NSR) (JCM), 2016 WL 1060330, at *7 (S.D.N.Y. Mar. 15, 2016) ("The *Grosso* case was pending—and the protected activity was therefore ongoing—when the alleged adverse action occurred."); *Singleton v. Mukasey*, No. 06-CV-6588 (GEL), 2008 WL 2512474, at *6 (S.D.N.Y. June 13, 2008) ("Because Singleton's litigation against the BOP was ongoing at the time of the decisions not to promote him, such decisions necessarily followed closely on protected activity by Singleton.  Thus, a reasonable jury could conclude that the adverse decisions were retaliation for Singleton's ongoing lawsuit." (cleaned up)), *aff'd sub nom. Singleton v. Holder*, 363 F. App'x 87, 88 (2d Cir. 2010) (summary order) ("We affirm the district court judgment for substantially the same reasons stated by the district court in its thorough and well-reasoned opinion and order.").

In addition to temporal proximity, Plaintiff has alleged that during an arbitration held in January 2022, a union official referred to her as "difficult," "outspoken," and a "thorn in the thigh" of the Union because she frequently raises

14

issues.  ECF No. 114, ¶ 25.  The Amended Complaint therefore states a *prima facie* case of retaliation.

This does not end the inquiry, however.  The Union argues that Plaintiff's state law retaliation claims have been preempted by section 301 of the LMRA because they require interpretation of the terms of the collective bargaining agreement ("CBA").  ECF No. 120 at 21-22.  The Magistrate Judge did not reach the preemption argument, as it concluded that Plaintiff had not stated a retaliation claim under the NYSHRL or the NYCHRL.  *See* R&R at 20-22.

Section 301 of the LMRA "governs claims founded directly on rights created by collective-bargaining agreements, and also claims substantially dependent on analysis of a collective-bargaining agreement." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987) (cleaned up).  Accordingly, "when resolution of a state law claim is substantially dependent upon or inextricably intertwined with analysis of the terms of a CBA, the state law claim must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law." *Whitehurst v. 1199SEIU United Healthcare Workers E.*, 928 F.3d 201, 206 (2d Cir. 2019) (cleaned up).  However, where "a plaintiff covered by a CBA asserts legal rights *independent* of that agreement, preemption does not occur." *Id.* at 207 (cleaned up).  A state-law claim is "independent" of a CBA when resolving it "does not require construing the collective-bargaining agreement," *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 407 (1988), or where "[s]tate law—not the CBA—is the source of the rights asserted by the plaintiff[]," *Foy v. Pratt & Whitney Grp.*, 127 F.3d 229, 235 (2d Cir.

1997) (cleaned up).  Preemption is also not mandated where a court merely needs to consult a CBA in adjudicating a state law claim.  *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001) (per curiam).

"[T]he weight of well-reasoned authority in this Circuit finds that claims against a union and its representative under the NY[S]HRL and the NYCHRL are subsumed by the duty of fair representation when the gist of the claim is the failure to represent the plaintiff in a fair and non-discriminatory manner." *Morillo v. Grand Hyatt New York*, No. 13-CV-7123 (JGK), 2014 WL 3498663, at \*4 (S.D.N.Y. July 10, 2014) (citing cases).  Plaintiff's retaliation claims based upon the failure to process various complaints are all derived from rights conferred by the CBA. Plaintiff alleges that Harvard acted in derogation of her rights under the CBA, that she filed complaints with the Union for violations of the CBA, and that the Union failed to pursue her grievances related to those complaints for retaliatory motives. *See, e.g.*, ECF No. 114, ¶¶ 6-7, 19.  Plaintiff's NYSHRL and NYCHRL retaliation claims based on the Union's handling of her complaints are thus preempted. Plaintiff's claim related to the conduct of a Union election, however, does not depend upon interpretation of the CBA, and thus is not precluded.

Accordingly, the Union's motion to dismiss retaliation claims brought under the NYSHRL and NYCHRL is granted on preemption grounds except as to the claim based upon exclusion from the Union election.  The Union's motion to dismiss Plaintiff's retaliation claims brought under Section 1981 and Title VII is denied,

16

except that any retaliation claim under Title VII based upon discrete actions taken prior to January 8, 2021, is dismissed as time-barred.

## C.    Duty of Fair Representation/Hybrid Claim

Plaintiff also objects to the R&R's recommendation that the Court dismiss her DFR claims and hybrid Section 301 claims against the Union.  Objs. at 3, 5-6. The Court overrules those objections and adopts the R&R's reasoning with respect to these claims in full.

"[A] union breaches the duty of fair representation when its conduct toward a member of the bargaining unit is arbitrary, discriminatory, or in bad faith." *Sanozky v. Int'l Ass'n of Machinists & Aerospace Workers*, 415 F.3d 279, 282 (2d Cir. 2005) (quoting *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 44 (1998)). "Tactical errors are insufficient to show a breach of the duty of fair representation; even negligence on the union's part does not give rise to a breach." *Barr v. United Parcel Serv., Inc.*, 868 F.2d 36, 43 (2d Cir. 1989).  "Any substantive examination of a union's performance . . . must be highly deferential, recognizing the wide latitude that negotiators need for the effective performance of their bargaining responsibilities." *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 78 (1991).

"[A] union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational." *Sanozky*, 415 F.3d at 282 (quoting *O'Neill*, 499 U.S. at 67).  "A union's acts are discriminatory when 'substantial evidence' indicates that it engaged in discrimination that was

17

'intentional, severe, and unrelated to legitimate union objectives.'" *Vaughn v. Air Line Pilots Ass'n, Int'l*, 604 F.3d 703, 709 (2d Cir. 2010) (quoting *Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Emp. of Am. v. Lockridge*, 403 U.S. 274, 301 (1971)). "Bad faith, which encompasses fraud, dishonesty, and other intentionally misleading conduct, requires proof that the union acted with an improper intent, purpose, or motive." *Id.* at 709-10 (cleaned up).

Claims for a breach of the duty of fair representation are subject to a six-month statute of limitations. *Buttry v. Gen. Signal Corp.*, 68 F.3d 1488, 1492 (2d Cir. 1995). "The six-month limitations period begins to run when a plaintiff knows or reasonably should know that the union has breached its duty of fair representation." *Id.* (cleaned up). "Once a plaintiff learns of [her] union's breach of its duty of fair representation, the union's subsequent failure to actually represent the plaintiff[] cannot be treated as a continuing violation that precludes the running of the limitations period." *Id.* (cleaned up).

Judge Gardephe previously determined that any DFR claim arising on or before October 13, 2021, is time-barred, and that Plaintiff had failed to state a claim with respect to any alleged breaches that occurred after that date. *Cruz*, 2024 WL 4357036, at *15-17. Judge Gardephe also ruled that Plaintiff could not bring any claims regarding the Union's handling of a pending arbitration, as any such claim would be premature. *Id.* at *17. Finally, Judge Gardephe granted Plaintiff leave to amend her complaint with respect to DFR claims that arose after October 13, 2021. *Id.* at *26.

18

After evaluating Plaintiff's DFR claims in the SAC, the R&R concludes:

> Considering the allegations in the SAC that arose after October 13, 2021, which do not relate to the arbitration proceeding, the SAC largely repeats or rewords the same factual allegations found in the Amended Complaint. To the extent that Plaintiff has added new factual allegations to the SAC, these additions still are not sufficient to plausibly demonstrate that the Union's actions towards Plaintiff were arbitrary, discriminatory or in bad faith and the SAC does not articulate a causal connection between the Union's conduct and any injury suffered by Plaintiff.

R&R at 17.  Having reviewed the allegations in the SAC, *see, e.g.*, ECF No. 114, ¶¶ 27 (alleging that on April 29, 2022, the president of the Union sent Plaintiff an email falsely representing that Harvard had not notified "the funds" that she was on layoff status), 28 (alleging that on May 2, 2023, Plaintiff was escorted from the Union premises by a security guard when she did not present her Union identification), 30 (alleging on February 17, 2024, a Union delegate visited Plaintiff's workplace and falsely misrepresented the outcome of Plaintiff's arbitration to Union members), the Court finds no error in Magistrate Judge Aaron's analysis.  Plaintiff's DFR claims are thus dismissed for failure to state a claim.

Having found that Plaintiff has failed to state a DFR claim, her "hybrid" Section 301 claims against Harvard for breach of the CBA necessarily fail.  *See Sanozky*, 415 F.3d at 282.  Union-represented employees cannot prevail on an action against an employer for breach of the CBA pursuant to Section 301 of the LRMA unless they can also demonstrate that their union breached its duty of fair

representation with respect to such alleged breach. *DelCostello v. Int'l Bhd. Of Teamsters*, 462 U.S. 151, 164-65 (1983); *see also Sanozky*, 415 F.3d at 282 ("To prevail on a hybrid § 301/duty of fair representation claim, [a plaintiff] must demonstrate both (1) that [the employer] breached its collective bargaining agreement and (2) that [the union] breached its duty of fair representation."). Since the SAC does not plausibly allege a breach of the duty of fair representation, the R&R correctly concludes that Plaintiff's hybrid claims must also be dismissed for failure to state a claim. R&R at 25.

### D.    LMRDA Claim

Section 101 of the LMRDA states:

> Every member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an election of the labor organization or upon any business properly before the meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings . . . .

29 U.S.C. § 411(a)(2). The LMRDA provides a private right of action for violations of this provision. *Id.* § 412.

"Section 101(a)(2) protects union members from direct interference with union membership rights in retaliation for their expression of opinions concerning union activities." *Maddalone v. Loc. 17, United Bhd. of Carpenters & Joiners of Am.*, 152 F.3d 178, 183 (2d Cir. 1998). To state a claim for retaliation under Section 101 of the LMRDA, a plaintiff must plead facts demonstrating the following: "(1) [her] conduct constituted free speech under the LMRDA; (2) that the speech was a

cause for the Union taking action against [her]; and (3) damages." *Commer v. McEntee*, No. 00-CV-07913 (RWS), 2006 WL 3262494, at \*10 (S.D.N.Y. Nov. 9, 2006) (cleaned up).

In her Amended Complaint, Plaintiff alleged that, in the summer of 2021, she collected signatures from Union members to qualify as a candidate in the upcoming Union election, as part of the "We are the Union" ticket. Am. Compl., ¶ 15. The Election Committee determined that she and several of her fellow candidates had not qualified because certain of the signatures were from members who were not in good standing. *Id.* The candidates contested this decision, and at the subsequent meeting at the Union's offices, Plaintiff raised concerns regarding the Union officials' undue interference with the signature collection process. *Id.* During this meeting, Plaintiff referenced her then-pending federal lawsuit and indicated that she intended to pursue additional legal action for discrimination and retaliation. *Id.* Later that day, the Election Committee reversed its decision and deemed them eligible to run for office. *Id.* The election took place on September 16, 2021. *Id.* Plaintiff did not receive a ballot by mail, and she went to see if she could vote in person. *Id.* Plaintiff alleges that she was told that "the ballot had to be received by mail only." *Id.* When the election personnel checked the voting rolls, she learned that her name was not included. *Id.* Plaintiff therefore did not vote in the election. *Id.*

Judge Gardephe dismissed Plaintiff's LMRDA claim because Plaintiff had not plausibly alleged the required causal link between her speech and the denial of her

21

right to vote in the election. *Cruz*, 2024 WL 4357036, at *23. In particular, she had failed to allege that she was treated differently from any other voter regarding election ballots. *Id.*

Plaintiff now adds an allegation in her SAC that "[her] name was the only one excluded from the voting list," despite the fact that she was a candidate in the election. ECF No. 114, ¶ 22. The R&R concludes that this allegation does not suffice to establish causation. R&R at 24.

The Court does not reach the question of causation because it concludes that Plaintiff's conduct did not constitute free speech within the meaning of the LMRDA. To survive a motion to dismiss, "a plaintiff alleging a violation of § 101(a)(2) must allege sufficient facts to suggest that the defendant's conduct was part of a calculated and deliberate scheme to discourage dissent among union members, rather than ad hoc personal retaliation against the plaintiff." *Grant v. Commc'ns Workers of Am., Loc. 1101*, No. 16-CV-9553 (LGS), 2017 WL 6000605, at *5 (S.D.N.Y. Dec. 1, 2017) (cleaned up). The SAC does not meet this standard.

"The LMRDA was designed to protect the integrity of union governance, not to turn nearly every criticism by a union member regarding an official's conduct into a federal case." *Kazolias v. IBEWLU 363*, 806 F.3d 45, 52-53 (2d Cir. 2015) (cleaned up). Accordingly, "Title I's protections are limited to speech of significant concern to the union membership as a whole." *Id.* at 52. Courts must look to the subject matter of the speech, to determine whether "it seeks to influence union policies or actions with respect to such issues," or if it instead is limited to "asserting a

22

personal grievance of the plaintiff." *Id.* Section 101(a)(2) thus does not protect speech unless it is "directed to the union membership as a whole." *Grant*, 2017 WL 6000605, at \*6 (dismissing LMRDA claim where pleading did not allege that plaintiff's complaints to union officials were ever communicated to general union membership); *see also Leavey v. Int'l Bhd. of Teamsters-Theatrical Teamsters Loc. Union No. 817*, No. 13-CV-0705 (NSR), 2015 WL 5802901, at \*9 (S.D.N.Y. Oct. 5, 2015) ("Courts in this jurisdiction are clear that free speech within the meaning of the LMDRA is speech made in the context of the union democratic process, i.e. political speech *primarily addressed to other union members*, rather than free speech at large." (cleaned up)); *Monaco v. Smith*, No. 00-CV-5845 (RMB), 2004 WL 203009, at \*9 (S.D.N.Y. Feb. 2, 2004) (holding that statements made to supervisor not protected under Section 101(a)(2)).

Plaintiff has not alleged that she engaged in any such political speech, let alone allegations sufficient to indicate that her speech was causally linked to her removal from the voter rolls. The SAC does not, for example, mention the contents of any political speech she may have delivered to Union members, nor does it set forth the positions she took as a candidate for office. *See generally* ECF No. 114. Rather, Plaintiff alleges that she was prevented from voting as retaliation for her ongoing discrimination complaints and for announcing her intent to initiate additional legal action. *Id.*, ¶ 22. Her LMRDA claim therefore fails.

23

## CONCLUSION

For the foregoing reasons, the R&R is ADOPTED IN PART. The Court has conducted a *de novo* review of the portions of the R&R to which Plaintiff has objected, and the Court overrules such objections except as otherwise stated herein. Any of Plaintiff's objections not specifically addressed in this decision have been considered *de novo* and rejected. As to the portions of the R&R to which no objections were made, the Court has reviewed those sections and determined that they are not clearly erroneous.

Harvard's motion to dismiss is GRANTED IN PART AND DENIED IN PART. The Union's motion to dismiss is likewise GRANTED IN PART AND DENIED IN PART. With respect to Harvard, this case shall proceed with respect to Plaintiff's claims for retaliation pursuant to Section 1981, the NYSHRL, and the NYCHRL. With respect to the Union, Plaintiff's retaliation claims pursuant to Section 1981, the NYSHRL, the NYCHRL, and (to the extent not time-barred) Title VII shall proceed. All other claims against Harvard and the Union are dismissed. Furthermore, for the reasons stated in the R&R, Plaintiff shall not be granted further leave to amend her pleading to address deficiencies identified by the September 2024 decision, the R&R, or this Opinion and Order.

The Clerk of Court is directed to terminate ECF Nos. 119 and 123.

SO ORDERED.

Dated: March 31, 2026
    New York, New York

_____
        JEANNETTE A. VARGAS
        United States District Judge

24